27212.   PENLAND v. THE STATE.

SUBMITTED MAY 9, 1972—DECIDED JUNE 15, 1972.

*L. S. Cobb, J. Fred Ivester,* for appellant.

*Reid Merritt, District Attorney, Gary L. Davis,* for appellee.

GRICE, Presiding Justice. Jerry Plott Penland appeals from the denial of his original and amended motion for new trial following his conviction and sentences in the Superior Court of Gwinnett County for rape, aggravated sodomy and aggravated battery. He received sentences of two twenty-years confinements and one ten-years confinement. The enumerations of error are predicated upon the grounds of such motion.

1. The evidence amply supports the verdict of guilty and

therefore the general grounds of the motion are without merit.

Several law enforcement officers testified that in the early hours of the morning in question they located an automobile and several articles of muddy and bloody clothing; that upon search of the near-by wooded vicinity they found the victim; that she was almost nude; that her head was a complete mass of blood and her body was covered with mud, cuts and bruises; that her eyes were swollen shut; that she was incoherent; and that shortly thereafter they found the defendant who had first sought to elude the officers but later acknowledged his identification.

An examining physician at the county hospital described the victim's physical condition and testified that he found male sperm in her vagina.

The victim testified in detail as to what had occurred, relating that the defendant, by threats and by beating her with his hands, a stick and a tire tool, forced her to submit to several acts of each of the offenses.

Two psychiatrists testified as to the mental condition of the accused, stating that he could distinguish between right and wrong.

The accused made an unsworn statement in which he admitted having sexual relations with her but denied that he forced her to do so.

A review of the transcript of the evidence authorizes without any question whatever the verdict of guilty. Therefore the enumerations based upon the general grounds of the motion are without merit.

2. The appellant insists that the trial court erred in not making provision to insure his right of sequestration of the witnesses.

However the record shows without conflict that the witnesses were kept out of the courtroom throughout the trial. Furthermore, upon inquiry by the trial judge at the request of the appellant's attorney, it was ascertained that no person talked with any of the witnesses regarding the case on

trial. For the foregoing and other reasons, this enumeration is not valid.

3. Appellant insists that the trial court erred in not having the voir dire questions and answers of the prospective jurors transcribed and a complete transcript provided for use of his counsel. However, the appellant did not avail himself of *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24). This afforded ample opportunity to bring to the attention of the trial court any incompleteness and to perfect it. For this reason alone, this enumeration is without merit. See *McKinney v. State,* 121 Ga. App. 815 (1) (175 SE2d 893).

4. The appellant also enumerates as error the trial court's refusal to allow a thorough and sifting cross examination of a medical witness as to the report of a social worker which was incorporated into a psychiatric evaluation of appellant's mental condition.

However the record shows that appellant's counsel made no objection to the ruling of the trial court that the contents of this report should not be gone into; nor did he attempt to perfect the record as to what such testimony would have shown. No reversible error was committed here.

5. The remaining grounds of the motion for new trial have been carefully examined. However, they have not been argued in this court either orally or by brief, and hence are deemed to have been abandoned.

Upon consideration of this record we find no cause for reversal of the judgment rendered.

*Judgment affirmed. All the Justices concur.*