## 34376. ROBERTS v. THE STATE.

JORDAN, Justice.

Leonard Leon Roberts was convicted of murder and aggravated battery, sentenced to life imprisonment and six years imprisonment, and appeals.

The conviction stemmed from a shoot-out at an apartment where a sale of 150 pounds of marijuana was to be consummated. According to the state's evidence the appellant was one of three men who burst into the apartment and exchanged gunfire with two alleged

prostitutes and two men who were occupants of the apartment.

1. Appellant first contends that the trial court erred in not providing, upon request, statements of the two women in the apartment, alleging inconsistencies between what they said at the trial and what they had previously told police officers, relying upon *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975).

Georgia law does not provide that the statements of witnesses be generally available for discovery by the defendant in a criminal case. *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978). As stated in *Stevens,* supra, an appellant must indicate the materiality and the favorable nature of the evidence sought. The appellant in this case has not carried that burden. He has failed to make a showing as to what the alleged inconsistent statements would reveal or to show in any way how he has been prejudiced by the failure to disclose the statements. Counsel had at least three opportunities to confront these witnesses and they were subjected to a thorough and sifting cross examination during the trial. In addition, the trial judge conducted an in-camera inspection of the state's file before ruling on the defendant's notice to produce. We find no merit in this enumeration.

2. On direct examination a detective testified that Roberts "was also asked if he would be willing to take a polygraph test." Defense counsel objected and moved for a mistrial which was denied after a cautionary instruction was given to the jury. Appellant contends that this is reversible error, citing *Stack v. State,* 234 Ga. 19 (214 SE2d 514) (1975).

In *Herlong v. State,* 236 Ga. 326 (223 SE2d 672) (1976) this court said: "The decision in *Stack* did not require, as a matter of law, that a new trial be granted on every occasion where a jury is apprised that a lie detector test has been given." In this case there was only a rather insignificant reference to a polygraph test and nothing of substance was mentioned, including whether the test was passed or failed or whether indeed one was given. See *Porter v. State,* 237 Ga. 580 (229 SE2d 384) (1976). The denial of the appellant's motion for mistrial was not a manifest abuse of discretion under these circumstances.

3. The appellant contends that he was denied the right of a thorough and sifting cross examination as afforded him by Code Ann. § 38-1705. Most of the alleged examples of restricted cross examination relate to the examination by the defense of the state's two key witnesses, the two women occupants of the apartment. We note that the cross examination of one of them covered 118 pages of the transcript and the cross examination of the other took up 98 pages of the transcript. In this case the court did not abuse its discretion in restricting irrelevant and mostly repetitious questions by defense counsel.

4. (a) The appellant requested that the state furnish him with a list of addresses and telephone numbers for certain state witnesses and that he be informed of the whereabouts of Charles Hughes, one of the male occupants of the apartment. This request was denied.

The record is clear that the state was unable to locate Charles Hughes and he was not available as a witness at the trial. Since his whereabouts were unknown to the state, such information could not have been furnished to the appellant.

The state furnished the appellant with a list of witnesses as provided by Code Ann. § 27-1403. We have held that this meets the requirement of the statute and that addresses and telephone numbers of witnesses need not be furnished. *McDowell v. State,* 239 Ga. 626 (238 SE2d 415) (1977); *Holsey v. State,* 235 Ga. 270 (219 SE2d 374) (1975); and *Hopkins v. State,* 144 Ga. App. 663 (242 SE2d 325) (1978). We would agree that the better practice would dictate that the state furnish such addresses and telephone numbers along with the list of the witnesses if such information is available.

(b) The appellant sought to obtain for viewing and testing various kinds of physical evidence. The state contended that no ballistic evidence was available which was capable of testing, although it was in possession of certain shotgun pellets which were found at the scene of the crime or extracted from the murder victim. The appellant relies on Barnard v. Henderson, 514 F2d 744 (5th Cir. 1975) which holds that a criminal defendant cannot be denied the opportunity to have his own expert examine critical evidence and *Patterson v. State,* 238 Ga.

204 (232 SE2d 233) (1977). Seven shotgun pellets were removed from the body of the victim and analyzed by the state crime lab as to weight and size. It is clear from the testimony of the state's expert witness that no meaningful test could have been performed on the pellets which would have been material or critical to the appellant's case. Under these circumstances the trial court did not err in denying the appellant's request that the state turn over to him such items of physical evidence.

5. Appellant's attack upon the present justice of the peace system is without merit. We held in *Allen v. State,* and *Shaw v. State,* 240 Ga. 567 (242 SE2d 61) (1978) that the present Georgia statutes after the 1977 amendment satisfy the constitutional requirements set forth in Connally v. Georgia, 429 U. S. 245 (97 SC 546) (1977).

6. A "prostitute's book" listing the names of her "clients" was recovered in the apartment but was returned to the prostitute, along with a grant of immunity, in exchange for her testimony. The defendant attempted to attain a copy of this book, claiming that it was "arguably favorable" to the defense. In *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750) (1976) this court held that Brady v. Maryland, 373 U. S. 83 (1963), "does not require the prosecution to open its file for general inspection by the defense. . . The appellant has the burden of showing how his case has been materially prejudiced. . ."

In this case the appellant has not attempted to show how he was materially prejudiced; he has merely stated that the book is "arguably favorable."

7. The state granted immunity to the four eyewitnesses in exchange for their testimony. The appellant claims that his conviction should be reversed since the "deals" were not revealed to the jury, relying on Giglio v. United States, 405 U. S. 150 (92 SC 763) (1972). This contention is without merit since all four of the witnesses testified from the stand that they had been granted immunity and were vigorously cross examined on this subject.

8. The appellant claims that the court should not have allowed the in-court identification of appellant by the two prostitutes because the appellant had been

identified by photographs before the preliminary hearing and before trial. From an examination of the record we conclude that the photographic arrays were not impermissibly suggestive. See *Phillips v. State,* 238 Ga. 616 (234 SE2d 527) (1977).

9. At a lineup involving the appellant's co-defendant neither of the prostitutes could identify the co-defendant. The appellant requested a photograph of this lineup "for purposes of cross examination and exculpatory purposes." The fact that these two women could not identify the co-defendant does not impeach their identification of the appellant; therefore the picture requested is not relevant to the guilt or innocence of the appellant. This contention has no merit.

10. The appellant's enumerations of error dealing with sequestration of witnesses, admission of photographs of the murder victim, and the arrangement of the courtroom facilities are without merit.

11. In the presence of the jury the trial judge referred to a particular person as a "defense witness" and in closing argument the state's counsel referred to the failure of the defendant to call witnesses. The appellant contends that these actions shifted the burden to him in violation of the ruling in Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881) (1975). The trial judge clearly instructed the jury as to the state's burden of proof and that the defendant did not have to present evidence. As to the prosecutor's comment on the fact that the defendant failed to call witnesses in his behalf, see *Allanson v. State,* 144 Ga. App. 450 (4) (241 SE2d 314) (1978) and *Rini v. State,* 236 Ga. 715 (225 SE2d 234) (1976). The appellant has not shown that he was harmed either by the trial judge's casual reference to a defense witness or to the comment by state's counsel in his closing argument. We find no merit in these contentions.

12. The appellant claims that there is no evidence that he is guilty of malice murder and appeals the denial of his motion for a directed verdict of acquittal. Additionally, he claims that there was insufficient evidence to prove him guilty of aggravated battery beyond a reasonable doubt and appeals the denial of his motion for a directed verdict on that ground.

One of the state's witnesses testified that as she turned the door knob, three men pushed the door open and burst into her apartment. She positively identified the appellant as one of those three men. One of the men shot her in the chest and then shot and killed the victim. She could not positively identify the trigger man, other than to say that it was one of the three men who forced their way into her apartment ostensibly for the purpose of stealing the two bales of marijuana. Another witness testified that appellant was armed with a shotgun and that he shot the murder victim in the mouth with that weapon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED APRIL 18, 1979 — REHEARING DENIED MAY 8, 1979.

*McAllister & Roberts, J. Dunham McAllister, Reeves & Collier, Rex T. Reeves,* for appellant.

*Arthur K. Bolton, Attorney General, Michael R. Johnson, Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.