## 59394. ROLLINS v. THE STATE.

SMITH, Judge.

Appellant was convicted of attempted armed robbery and aggravated battery. He asserts that the trial court erred in overruling various demurrers to the indictment, in refusing to declare a mistrial, in excluding evidence relating to the acquittal of a co-conspirator, in overruling appellant's motion for new trial, and in refusing to hold, for purposes of both sentencing and the motion for new trial, that the offense of aggravated battery merged with the offense of attempted armed robbery. We affirm.

1. Count 1 of the indictment states that appellant "on [October 21, 1978], in the County aforesaid, with force of arms, did unlawfully then and there with intent to commit the crime of Armed Robbery perform an act constituting a substantial step toward the commission of that crime, to-wit: (1) the said accused entered the building known as the Moose Lodge with pistols and wearing masks, (2) one of the said accused stated upon entering, 'This is a holdup' or words to that effect . . ." In his first three enumerations of error, appellant contends that the indictment is fatally defective because (1) it fails "to allege that the pistols referred to therein were 'offensive weapons'" and (2) it fails "to allege the name of the person whom appellant was charged to have attempted to rob." These contentions are without merit.

Under the allegations of the indictment, the "pistol" was an "offensive weapon" per se. *Jones v. State,* 148 Ga. App. 637, 638 (252 SE2d 65) (1979); *Rolland v. State,* 235 Ga. 808, 810 (221 SE2d 582) (1976).

Furthermore, "the identity of the person alleged to have been robbed is not an essential element of [attempted armed robbery] . . . and need not be proved by direct evidence . . ." *McKisic v. State,* 238 Ga. 644, 646 (234 SE2d 908) (1977). Inasmuch as the acts alleged in Count 1 of the indictment constitute a "substantial step toward the commission" of the offense of armed robbery (see Code § 26-1001), the failure of the indictment to allege the existence of intended victims or set forth their identities does not render Count 1 of the indictment fatally defective. See also *Haisman v. State,* 242 Ga. 896, 897 (252 SE2d 397) (1979).

2. Count 2 of the indictment charges appellant with the offense of aggravated battery and alleges that appellant "maliciously cause[d] bodily harm to the person of Mike Moreland by seriously disfiguring his body by shooting him . . ." Appellant contends that Count 2 of the indictment is fatally defective because it fails "to allege in what manner the alleged victim was disfigured." We cannot agree. "The indictment meets the statutory requirement that the offense be stated in the language of the Code or in terms understandable to a jury. Code Ann. § 27-701. Moreover, the language [of the indictment] meets the due process requirement that the indictment inform appellant of the charge against [him]." *Haisman v. State,* supra at 897.

3. On cross examination, appellant's counsel asked the state's witness the following question: ".Now, Mr. Couey, rather than protecting Billy, let me ask, is it not your purpose in making these statements . . . to protect some other people with whom you have contacts in Atlanta about their involvement in these robberies?"

The witness replied: "No sir, that's not true. I took a polygraph, and that proves I was not - - -." Appellant's counsel moved for a mistrial. The trial court denied the motion and instructed the jury to "entirely disregard" the answer. Appellant enumerates as error the trial court's denial of the motion.

While, we cannot agree with the state's contention that the reference to the polygraph examination was induced error, we do not believe, under the circumstances of this case, that the reference to the polygraph was so prejudicial to appellant that a mistrial was the only adequate remedy. See *Herlong v. State,* 236 Ga. 326 (223 SE2d 672) (1976). As appellant states in his brief, "[v]irtually every form of impeachment evidence was admitted against [the witness] that is recognized by law." It is highly unlikely the witness' own reference to a polygraph test affected the jury's evaluation of his testimony. Under the circumstances, the trial court did not abuse its discretion in overruling appellant's motion for mistrial and instructing the jury to disregard the witness' unresponsive reference to a polygraph examination. See *Barrow v. State,* 235 Ga. 635, 640-641 (221 SE2d 416) (1975); *Brown v. State,* 118 Ga. App. 617, 621 (165 SE2d 185) (1968); *Willingham v. State,* 118 Ga. App. 321, 324 (163 SE2d 317) (1968).

4. One of the state's witnesses testified on cross examination that "for my truthful statement . . . they'll tell [the sentencing judge] how I cooperated." The witness then testified as follows: "Q. Now, of course, you've already testified against Tommy down in Cedartown? A. Yes sir. Q. And he was already found not guilty - - -." The state objected to this testimony. The trial court sustained the objection and admonished appellant's counsel for embarking on an "improper" line of questioning. Appellant contends the line of questioning was not only a proper means of impeachment but also crucial to his defense. Accordingly, appellant contends, the trial court committed reversible error in excluding the testimony. We disagree.

Appellant argues that the "acquittal of the co-conspirator in Cedartown, despite the testimony of the witness, would strongly tend to cause the witness to believe that his testimony, as evaluated by State Officers, would be reported to his sentencing judge as unhelpful and of questionable veracity." Therefore, appellant asserts, "[i]t would greatly increase the importance to the witness that [appellant] not be acquitted." However, in our view, appellant's contention that the "acquittal of the co-conspirator . . . would strongly tend to cause the witness to believe that his testimony . . . would be reported to his sentencing judge as unhelpful and of questionable veracity" is nothing more than an unfounded

assumption. Without evidence to establish that the "deal" between the witness and the state contemplated a conviction rather than truthful testimony, the testimony relating to the acquittal of an alleged co-conspirator at another trial was simply irrelevant. The trial court did not err in excluding the testimony. *Hudson v. State,* 137 Ga. App. 439 (224 SE2d 48) (1976).

5. Appellant contends the evidence is insufficient to support a finding of "serious disfigurement." See Code § 26-1305. We cannot agree.

The evidence establishes that the victim was shot three times. As the victim testified: "[T]he first one hit me right up here at the shoulder, and it went straight down; and I still have the shell right here in my arm. Then the second one hit me just to the right of my left shoulder blade, went right through, right here, and lodged — a piece of shrapnel lodged in my arm. And then, as I mentioned before, the third one hit me in the hip and come up through this area, and it just blew up everything. They took out five foot of intestines, got both sides of my stomach." The victim testified, as a result of the bullet wound to his arm, he had only 50 per cent use of his arm. The bullet wounds left scars on various parts of the victim's body.

In our view, a jury question was presented as to whether the victim suffered "serious disfigurement." See *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979). "[T]he jury having found it so, we will not reverse." *Jarrard v. State,* 152 Ga. App. 553, 555 (263 SE2d 444) (1979); *Holmes v. State,* 138 Ga. App. 689 (227 SE2d 471) (1976); *Penland v. State,* 229 Ga. 256 (190 SE2d 900) (1972).

6. Appellant's contention that the crimes of attempted armed robbery and aggravated battery merged as a matter of fact is without merit. This contention rests on the faulty assumption that mere proximity in time between the commission of two distinct offenses results in factual merger. "The general rule is that when individual acts are prohibited, each act is punished separately, no matter how close they may be in time to each other. E.g., Bins v. United States, 331 F2d 390, 393 (5th Cir., 1964). See generally, Kirchheimer, The Act, The Offense and Double Jeopardy, 58 Yale L. J. 513 (1949); Comment, Twice in Jeopardy, 75 Yale L. J. 262 (1965)." *Pryor v. State,* 238 Ga. 698, 699-700 (234 SE2d 918) (1977). The evidence in this case establishes that the offense of attempted armed robbery as charged in the indictment was completed prior to the commission of the offense of aggravated battery. "The two crimes charged here were completed one after the other, but are separate and distinct." Id. at 701. See also *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED MAY 12, 1980.

*Robert B. Adams,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.