60274. THOMPSON v. THE STATE.
60275. BOYD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendants appeal their conviction in a joint trial for aggravated battery of their infant son.

1. Defendants contend that the evidence of injuries was insufficient as a matter of law to support convictions of aggravated battery.

The evidence shows that the defendants brought their nine-week-old male infant to a hospital emergency room near death as attempts at resuscitation failed. Defendant Boyd, the mother, told hospital personnel that the baby had fallen off a bed and stopped breathing. Physical examination, x-rays, and an autopsy revealed that it had abrasions and a laceration on the head, numerous bruises around the trunk, circular abrasions around both ankles, severe rash of the genital and anal areas, abrasions of the feet, a contusion of the brain, fractures of nine ribs and marks at the top of the buttocks.

Code Ann. § 26-1305 (Ga. L. 1968, pp. 1249, 1281; 1976, p. 543) states that aggravated battery is committed when a person "maliciously causes bodily harm to another by depriving him of a member of his body, or by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof."

It is argued that the evidence of injuries does not show that a member of the body was rendered useless or that the body or a member thereof was seriously disfigured.

In *Penland v. State,* 229 Ga. 256 (1) (190 SE2d 900), a conviction of aggravated battery was affirmed on evidence of a beating leaving the victim's head a complete mass of blood, body covered with cuts and bruises, eyes swollen shut, and the victim incoherent. In *Baker v. State,* 245 Ga. 657 (6) (266 SE2d 477), where the victim's jaw was broken, the evidence demonstrated "serious temporary disfigurement to the victim and loss of use of her jaw until it healed. The jaw had to be immobilized by wiring the teeth together. Under the statute, Code Ann. § 26-1305, and our cases, this was sufficient injury to warrant a conviction of aggravated battery. At a minimum a member or part of the victim's body was rendered useless and seriously disfigured. [Cits.]" Id. at 667. In *Rollins v. State,* 154 Ga. App. 585 (5) (269 SE2d 81), where the victim was shot impairing the use of an arm and leaving scars on the body, this court said: "In our view, a jury question was presented as to whether the victim suffered 'serious disfigurement.' [Cit.] '(T)he jury having found it so, we will not reverse.' [Cits.]" Id. at 588.

In this case we likewise find that there was sufficient evidence to submit to the jury the issue of whether the injuries fell within the language of Code Ann. § 26-1305, supra.

2. Because the evidence was circumstantial, defendants contend it was insufficient to support their convictions. The evidence indicating guilt was that only the defendant parents could have inflicted the injuries because they had the care and custody of the infant until it was brought to the hospital with the injuries described above, that the injuries were inflicted over a period of several weeks, that the infant could not roll over or move itself more than an inch or two, and that the mother had once thrown a plastic bottle which hit the infant in the head. Evidence to the contrary, from those who observed the infant with defendants at various times and places, was that they had never seen the baby mistreated by the parents or observed any injuries to it.

The only other hypothesis for the injuries was that they were not caused by the defendants but were due to an incident some days before the infant's death in which it was thrown from the front seat under the dash of a vehicle being driven by the father when he had to make a sudden stop, and to the fall from a bed which caused the parents to bring it to the hospital where it was pronounced dead. This hypothesis is not based on competent evidence, as it comes solely from the hearsay testimony of witnesses repeating what the defendants had told them, there being no other evidence of these

incidents. Such hearsay evidence has no probative value even in the absence of objection and may not be used to establish factual circumstances. *Collins v. State,* 146 Ga. App. 857 (1) (247 SE2d 602). The only hypothesis remaining is that the parents inflicted the injuries.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109.

"Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* 236 Ga. 242 (1), 245 (223 SE2d 643).

We find the evidence sufficient to authorize a rational jury to find defendants guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. It is contended that the trial court erred in permitting in evidence photographs of the infant taken about seven hours after death because they were not an accurate portrayal of its condition at the time of death due to post mortem lividity.

"The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. [Cits.]" *Grasham v. Sou. R. Co.,* 111 Ga. App. 158 (6), 161 (141 SE2d 189). There being testimony that the photographs accurately depicted the injuries to the body despite the discoloration caused by the lividity, the trial court did not abuse its discretion in admitting them in evidence.

4. Prior to trial in response to a Brady motion the prosecuting attorney provided his file to the trial judge for an in camera inspection. The trial judge advised that there was no information exculpatory to the defense in it. During the course of the trial, after the introduction of the photographs of the body taken about seven hours after death, police officer Gant testified that he also had taken a series of photographs of the body shortly after death. Defendant Thompson thereupon moved to compel the prosecution to produce the photographs made by Gant under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) and *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) and claims error in the court's refusal to do so.

We do not find error. Gant testified that he examined both series of pictures and that they both showed the same external injuries, the

only difference being the post mortem lividity in the later series. Other witnesses testified similarly. The prosecutor's file, produced on order of this court, contains the series taken by Gant. Comparison thereof with the admitted pictures reflects that the same injuries are shown. Neither series of pictures is exculpatory in nature. No prejudice to the defendant appearing, the failure of the trial court to order their production was not error. "If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." United States v. Agurs, 427 U. S. 97, 112 (96 SC 2392, 49 LE2d 343).

5. Error is claimed because the trial court, on objection, refused to admit the infant's death certificate showing the cause of death and refused to permit cross-examination of witnesses as to the cause of death. We find no error. The defendants were not being tried for homicide and the cause of death was therefore immaterial. Because the state had introduced some evidence of a cause of death without objection did not make the cause of death material so that evidence thereon was required to be admitted over objection.

6. On the day of and shortly before trial defendant Boyd moved for a continuance because two subpoenaed witnesses, a husband and wife, were unable to appear for medical reasons. Denial of the motion is claimed as error. In support of the motion defendant presented affidavits which appeared to comply with the requirements of Code Ann. § 81-1410 and included a short statement of what the expected testimony was. Also included was an affidavit of a physician that he was treating the witnesses for injuries received in an auto accident, that they must be confined to the hospital and not moved, that they would not be able to attend without adversely affecting their health, and should be able to attend court during the next term. During the hearing on the motion, the prosecuting attorney stated that the husband witness had called him and asked him what to do. There was an indication his wife was also present, and brought his subpoena to the telephone at his request. Learning that they had been subpoenaed by the defense, he referred them to the defense attorneys.

Defendant relies on Code Ann. § 81-1410, claiming compliance therewith. However, the trial judge pointed out that the physician's affidavit did not state the witnesses were in the hospital and based on the prosecutor's conversation with the husband witness which appeared to contradict the affidavits on the wife's mobility, the trial judge offered to send the sheriff to get the wife and said if she was available he would deny the continuance. There is no indication that this offer was accepted by defendant. This alone would be reason enough to find that the trial judge did not abuse his discretion in

denying this continuance.

The proposed testimony also would have been cumulative because defendant produced other witnesses who testified generally that defendants did not mistreat the baby in their presence, and one witness who was with defendants and the absent witnesses the entire time the baby was in their presence a few hours before it died, testified in substance the same as the proposed testimony of the two absent witnesses. Thus, even if the trial court erred in denying the continuance, it is "highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

7. The remaining enumerations of error are either resolved by the foregoing findings or are not meritorious.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

60274, Argued; 60275, Submitted July 10, 1980 — Decided October 3, 1980 —

*William A. Wehunt,* for appellant (case no. 60274).

*W. O'Neal Dettmering, Jr.,* for appellant (case no. 60275).

*W. A. Foster, III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.