## 62216. SNELL v. THE STATE.

Deen, Presiding Judge.

This appeal is a companion case to *Tisdol v. State,* 158 Ga. App. 852 (282 SE2d 411) (1981).

1. The trial court did not err in overruling the defendant's motion for a mistrial or his motion for a new trial. A witness was asked, "Did you at any time arrange with them an alleged robbery that took place on January 21, 1980?" He responded, "No, and I took a lie detector test to that effect."

After hearing argument on the motion for mistrial outside the presence of the jury, the trial court had the jury return to the courtroom and instructed them to disabuse their minds of testimony referring to a lie detector test and that they were not to consider the testimony as evidence.

Declaring a mistrial or the grant of a new trial is not always required after a jury has been informed that a lie detector test has been given. *Roberts v. State,* 243 Ga. 604 (255 SE2d 689) (1979). See also *Herlong v. State,* 236 Ga. 326 (223 SE2d 672) (1976). The decision not to grant a mistrial where illegal testimony is given within the

presence of the jury is within the discretion of the trial court and will not be interfered with unless manifest abuse of discretion appears. *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975). In the present case, the answer was not responsive to the question, made reference only to the fact that the witness had taken such a test, did not directly reveal the result and did not suggest that the defendant had ever taken such an examination. The trial court gave curative instructions to the jury after hearing argument on the motion. If a defendant is dissatisfied with the court's curative instructions, he must either request further instruction or renew his motion. *Burgess v. State,* 149 Ga. App. 630 (255 SE2d 100) (1979).

2. The trial court did not err in overruling the defendant's motion to suppress certain evidence which was taken from the vehicle in which he was a passenger shortly before his arrest for the reasons set forth in Division 4 of *Tisdol v. State,* supra.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 22, 1981 —
REHEARING DENIED OCTOBER 16, 1981 — 

*Cheryle T. Bryan,* for appellant.
*Thomas Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney,* for appellee.