## 64282. MERRELL v. THE STATE.

BANKE, Judge.

The defendant was convicted of four counts of aggravated assault and one count of criminal trespass to property. The assault charges were based on evidence that pellets from a shotgun blast fired by the defendant struck three victims and that a fourth victim was placed in reasonable apprehension of violent injury. The victim named in Count I received numerous shotgun pellets in his legs and thighs. The defendant enumerates as error the trial court's denial of his motion for directed verdict as to the other three assault counts. *Held:*

1. "It is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal." *Muhammad v. State,* 243 Ga. 404, 407 (254 SE2d 356) (1979). The victims named in Counts II and III testified that the pellets from the shotgun struck them, but caused no injury. "[T]here is no requirement that a victim be actually injured and the crime is complete without proof of injury." *Clark v. State,* 149

Ga. App. 641 (2) (255 SE2d 110) (1979). The trial court did not err in its denial of the motion for directed verdict as to these counts.

2. In Count IV, the indictment alleges that a shotgun was fired in the direction of Nellie Cruse, "placing her in reasonable apprehension of receiving a violent injury." The only testimony relevant to that count is that of the named victim, who unlike the other victims, was in her house at the time the shot was fired. She testified that she heard what sounded like a shot outside but did not know that it was one. There was no evidence indicating her whereabouts in relation to the trajectory of the shot or the line of fire. "The offense of aggravated assault has two essential elements: (1) that an assault (as defined in Code § 26-1301 (Ga. L. 1968, pp. 1249, 1280)) was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon as provided in Code § 26-1302. The term 'assault' is a legal word of art . . . A simple assault . . . is necessarily a lesser included offense of the greater crime of aggravated assault and is an essential part thereof." *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143) (1976). "A person commits simple assault when he either (a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301. There is no evidence that Nellie Cruse was the intended victim of violent injury. We also conclude that there was insufficient evidence upon which to base a finding that she was in reasonable apprehension of harm from the sound she heard. Accordingly, the defendant's conviction upon Count IV must be reversed.

3. The defendant also enumerates as error the trial court's charge that criminal trespass is a lesser included offense of criminal damage to property. The trial court charged on the lesser offense because the state failed to prove that the damage alleged exceeded $100. Code Ann. § 26-505 (b) defines an included crime as "one that differs from the crime charged only in the respect that a less serious injury or risk of injury to the same . . . property . . . suffices to establish its commission." Code Ann. § 26-1502 (a) (Criminal Damage to Property in the Second Degree) and Code Ann. § 26-1503 (a) (Criminal Trespass) define identical crimes except for the amount of damage required for conviction. This enumeration of error is without merit.

4. Lastly, the defendant contends that his motion for mistrial was erroneously denied after a state's witness stated that he had offered to take a lie detector test. The remark was unresponsive to any question posed to the witness, and the trial court's offer to provide a curative instruction to the jury was declined by defendant's counsel. Not every reference to a lie detector requires reversal. See

*Herlong v. State,* 236 Ga. 326 (223 SE2d 672) (1976). The reference to a lie detector test here "was only a rather insignificant reference to a polygraph test and nothing of substance was mentioned, including whether the test was passed or failed or whether indeed one was given." *Roberts v. State,* 243 Ga. 604 (2) (255 SE2d 689) (1979). See also *Porter v. State,* 237 Ga. 580 (229 SE2d 384) (1976). We find no abuse of the trial court's discretion in denying the motion for mistrial.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 8, 1982.

*John M. Brown,* for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Assistant District Attorney,* for appellee.