## 38727. ABDI v. THE STATE.

MARSHALL, Justice.

The question for decision in this case is whether the double-jeopardy clause permits retrial of the appellant on criminal charges following the trial judge's sua sponte declaration of a mistrial at the appellant's first trial.

The superior court sustained the appellant's double-jeopardy plea, but the Court of Appeals reversed. *State v. Abdi,* 162 Ga. App. 20 (288 SE2d 772) (1982). We granted certiorari. Upon consideration, we do find that under certain circumstances a criminal defendant can not be retried following the declaration of a mistrial without his consent. See Illinois v. Somerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1973) and cits. However, for reasons which follow, we hold that retrial of the appellant is constitutionally permissible here. We therefore affirm.

1. The appellant in this case was being tried for rape. In response to a question by defense counsel as to whether the defendant ejaculated, the complaining witness made a remark concerning the physical process of ejaculation. Defense counsel then said, "You have had personal experience with that?" The prosecutor objected under our "shield law," Code Ann. § 38-202.1, and a motion was made to rebuke defense counsel. Instead, the trial judge sua sponte directed a mistrial. The appellant did not object.

However, prior to retrial, the appellant filed a plea of former jeopardy, which was sustained. On appeal, the Court of Appeals reversed, holding that even though the grant of mistrial was without the appellant's consent, he could not complain in that he had injected irrelevant and prejudicial matter into the case irreparably prejudicing the right of the state to a fair trial. The Court of Appeals further held that even if the grant of the mistrial was erroneous, the appellant could not complain because the error was induced by him.

2. The double-jeopardy clause of the Fifth Amendment, as applicable to the states through the due-process clause of the

Fourteenth Amendment, does not bar retrial of a criminal defendant following declaration of a mistrial over his objection where there is "manifest necessity" for declaration of the mistrial or the "ends of public justice" would be defeated by allowing the trial to continue. Illinois v. Somerville, 410 U. S. at p. 458, supra.

"This formulation . . . abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. The broad discretion reserved to the trial judge in such circumstances has been consistently reiterated . . . [I]n Gori v. United States, 367 U. S. 364 (1961), the Court again underscored the breadth of a trial judge's discretion, and the reasons therefor, to declare a mistrial. 'Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.' Id., at 368." Illinois v. Somerville, 410 U. S. at p. 462.

"While virtually all of the cases turn on the particular facts and thus escape meaningful categorization [cits.], it is possible to distill from them a general approach, premised on the 'public justice' policy enunciated in United States v. Perez [9 Wheat. 579 (1824)] . . ." 410 U. S. at p. 464. Thus, it has been held that a trial judge properly exercised his discretion to declare a mistrial where, taking all the circumstances into consideration, an impartial verdict could not be reached. Simmons v. United States, 142 U. S. 148 (12 SC 171, 35 LE 968) (1891). Likewise, where a trial judge's declaration of a mistrial constitutes a rational determination designed to implement a legitimate state policy, it has been recognized that retrial of the defendant is not barred by the double-jeopardy clause. Duncan v. Tennessee, 405 U. S. 127 (92 SC 785, 31 LE2d 86) (1972); cf., Downum v. United States, 372 U. S. 734 (83 SC 1033, 10 LE2d 100) (1963). However, retrial of a defendant after "the declaration of a mistrial on the basis of a rule or a defective procedure that would lend itself to prosecutorial manipulation would involve an entirely different question . . ." 410 U. S. at p. 464. See Downum v. United States, supra. See also Oregon v. Kennedy, —— U. S. —— (102 SC 2083, 72 LE2d 416) (1982).

In this case, the trial judge (unlike ourselves) actually observed the colloquy between defense counsel and the complaining witness. We cannot say that the judge abused his discretion in determining that declaration of a mistrial was required because prejudicial and inadmissible matter injected by the defense made it impossible for an

impartial verdict to be reached. Declaration of a mistrial on such a ground does not lend itself to prosecutorial manipulation. And where, as here, the remarks by defense counsel are in violation of a "shield law," declaration of a mistrial is certainly in implementation of a legitimate state policy.

*Judgment affirmed. All the Justices concur, except Hill, P. J., and Smith, J., who dissent.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 23, 1982.

*T. Jackson Bedford, Jr., Andrew R. Kirschner,* for appellant. *Lewis R. Slaton, District Attorney,* for appellee.