## 68217. DAVIS v. THE STATE.

Banke, Presiding Judge.

This is an appeal from an order denying appellant's plea of former jeopardy. Jonathan Wesley Davis, the appellant, was indicted for the rape of a 15-year-old girl, who was subpoenaed as a prosecution witness and present on the first scheduled day of trial but absent the following morning, when she was scheduled to testify. Because of her absence, the trial court, over the appellant's objection, granted the state's motion for mistrial. Appellant later filed his plea of former jeopardy. *Held*:

An order denying a plea of double jeopardy is appealable without resort to an interlocutory appeal. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). Once the jury has been impaneled and sworn, jeopardy attaches. See Crist v. Bretz, 437 U. S. 28 (98 SC 2156, 57 LE2d 24) (1977); *Haynes v. State*, 245 Ga. 817 (268 SE2d 325) (1980). However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue. See generally Illinois v. Somerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1972); *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982).

In the instant case the trial court, upon learning of the witness' absence, continued the case until the afternoon to afford the state an opportunity to locate the witness and then conducted a hearing to determine the circumstances surrounding her failure to appear. It was revealed at this hearing that the witness had previously resided with a foster parent whose sister was the appellant's wife. The witness had left the foster home without permission about two weeks prior to trial, as a result of which a runaway warrant had been issued for her arrest. There was no indication that the state's attorney was aware of these circumstances prior to trial. On the first scheduled trial day, the foster parent reported the girl's presence in court to juvenile authorities; and she was arrested that afternoon, at the courthouse, during jury selection. The arresting officer was notified that the girl would be an essential witness the following morning; however, that evening she left an unsecured juvenile shelter where she was to have remained overnight.

Under the circumstances of this case, we hold that there was manifest necessity for declaring a mistrial and that the ends of public justice would have been defeated by allowing the trial to continue. Accordingly, the trial court did not abuse its discretion either in declaring a mistrial or in denying appellant's plea of former jeopardy. Accord *Haynes v. State*, supra. The order denying appellant's plea of former jeopardy is affirmed.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 27, 1984 — 

*Lawrence L. Schneider*, for appellant.
*Robert E. Wilson, District Attorney, Robert M. Coker, Susan Brooks, Assistant District Attorneys*, for appellee.