## 72561. GEORGE v. THE STATE.
### (349 SE2d 473)

McMURRAY, Presiding Judge.

The defendant was indicted for the offenses of rape and aggravated sodomy and during the course of defendant's trial defense counsel asked one of the State's witnesses whether he had "developed a friendship or something . . ." with the complainant. The trial court admonished defense counsel, warning that "[i]f there's a breach of the Shield law, however minor, we'll start all over." Later, defense counsel again asked the same witness whether he and the complainant "were close friends." The trial court later declared a mistrial and subse-

quently entered the following order: "Defense counsel failed to adequately adhere to the provisions of OCGA § 24-2-3, RAPE SHIELD STATUTE, in that this Court was never advised outside the presence of the jury that questions relating to the prosecutrix' character and relationship with other men would be asked; . . . That questions as posed by defense counsel strongly suggested to the jury that the prosecutrix' character was not good; . . . That this Court after presiding over the entire trial and observing the questions as posed strongly feels that regardless of defense counsel's intent in asking certain questions that their cumulative affect [sic] upon the jury was to cause them to feel that the prosecutrix was not a person of good character. . . . This Court felt that it is not able to adequately and fairly construct a charge to the jury to correct the harm created by defense counsel's questions and therefore this Court felt that the only remedy available was to declare a mistrial . . ." Upon re-indictment for the same offenses, the defendant filed a plea of former jeopardy and this appeal is from the trial court's denial of defendant's plea of former jeopardy. *Held*:

"An order denying a plea of double jeopardy is appealable without resort to an interlocutory appeal. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). Once the jury has been impaneled and sworn, jeopardy attaches. See *Crist v. Bretz*, 437 U. S. 28 (98 SC 2156, 57 LE2d 24) (1977); *Haynes v. State*, 245 Ga. 817 (268 SE2d 325) (1980). However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue. See generally *Illinois v. Somerville*, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1972); *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982)." *Davis v. State*, 170 Ga. App. 748 (318 SE2d 202). The trial judge may exercise broad discretion in determining whether circumstances exist which require the declaration of a mistrial. "[I]t has been held that a trial judge properly exercised his discretion to declare a mistrial where, taking all the circumstances into consideration, an impartial verdict could not be reached. *Simmons v. United States*, 142 U. S. 148 (12 SC 171, 35 LE 968) (1891). Likewise, where a trial judge's declaration of a mistrial constitutes a rational determination designed to implement a legitimate state policy, it has been recognized that retrial of the defendant is not barred by the double-jeopardy clause. *Duncan v. Tennessee*, 405 U. S. 127 (92 SC 785, 31 LE2d 86) (1972); cf., *Downum v. United States*, 372 U. S. 734 (83 SC 1033, 10 LE2d 100) (1963)." *Abdi v. State*, 249 Ga. 827, 828 (2) (294 SE2d 506).

In the case sub judice, "the trial judge (unlike ourselves) actually observed the colloquy between defense counsel and the [State's witnesses. Further, we have examined the entire trial transcript and we]

cannot say that the judge abused his discretion in determining that declaration of a mistrial was required because prejudicial and inadmissible matter injected by the defense made it impossible for an impartial verdict to be reached. Declaration of a mistrial on such a ground does not lend itself to prosecutorial manipulation. And where, as [in the case sub judice, the questions] by defense counsel are in violation of a 'shield law,' declaration of a mistrial is certainly in implementation of a legitimate state policy." *Abdi v. State*, 249 Ga. 827, 828-829 (2), supra. Consequently, the trial court did not err in denying defendant's plea of former jeopardy.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARING DENIED OCTOBER 15, 1986 ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Thomas C. Sanders*, for appellant.

*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.