74892. LUMLEY v. THE STATE.

(363 SE2d 69)

McMURRAY, Presiding Judge.

Defendant appeals from the denial of his plea of former jeopardy and from the trial court, sua sponte, declaring a mistrial shortly after the beginning of his trial on an accusation charging the offense of driving under the influence. During the cross-examination of the

State's first witness the jury was excused and a colloquy ensued concerning the scheduling of the testimony of one of defendant's witnesses. Reference was made to a conversation in chambers between the trial court and defense counsel on the question of taking the testimony of a defense witness "out of time." However, the colloquy revealed a misunderstanding in that the trial court envisioned defendant's presenting his witness out of turn as occurring after the close of the State's evidence, therefore, as the first defense witness. Defense counsel had envisioned interrupting the State's presentation of its evidence in order to obtain the testimony of the defense witness who was not available the following day (Wednesday). There was not sufficient time remaining on that date (Tuesday) to permit completion of the State's case and the presentation of the testimony of the defense witness at issue.

After the misunderstanding became known, the colloquy continued in regard to possible remedies to the situation. Defense counsel urged the interruption of the State's case in order to permit the witness to testify on that date but argued against recessing the trial to the second following day (Thursday), contending that such would be prejudicial to defendant.

The trial court declared a mistrial, to which defendant objected. Subsequently, defendant filed his plea of former jeopardy which was denied. *Held*:

Defendant contends that a second trial on the same charge is barred because the first trial was "terminated improperly." See OCGA § 16-1-8 (a) (2). However, termination is not improper where the "[t]rial court finds that the termination is necessary because . . . (B) Prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant[.]" OCGA § 16-1-8 (e) (2) (B). "[T]he trial court appears to be empowered, as a proper termination not barring further prosecution, to declare mistrial when it is impossible to proceed with trial without injustice to the defendant, independent of the defendant's consent or lack of consent." *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772) (affirmed 249 Ga. 827 (2) (294 SE2d 506)). This principle appears to govern the case sub judice. Whether or not the trial court's discretion in regard to the conduct of the trial may have permitted it to require the interruption of the State's case in order to obtain the testimony of defendant's witness, there is nothing shown in regard to the scheduling misunderstanding which would have compelled such a solution. (We note in this regard, the trial court has the duty to ensure a fair trial to all parties in a case. *State v. Abdi*, 162 Ga. App. 20, 22, supra.) Thus, the posture of the trial was such that it could either be completed without the defense witness, a choice presumably prejudicial to defendant, or the completion of the trial could have been delayed to

permit the return of the defense witness on the second following day, a choice which defendant emphatically argued against as being prejudicial. As the trial court was faced with a situation where no viable option for continuing the trial did not involve prejudice to defendant, it correctly concluded that termination was a manifest necessity. The trial court did not err in declaring the mistrial or in overruling defendant's plea of former jeopardy. See also *Illinois v. Somerville*, 410 U. S. 458 (93 SC 1066, 35 LE2d 425); *Abdi v. State*, 249 Ga. 827 (2) (294 SE2d 506); *Haynes v. State*, 245 Ga. 817 (268 SE2d 325).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 18, 1987.

*M. Francis Stubbs*, for appellant.
*J. Clayton Burke, Jr., Solicitor*, for appellee.