## 75921. PHELPS v. THE STATE.
### (369 SE2d 506)

CARLEY, Judge.

Appellant was indicted for selling marijuana in violation of OCGA § 16-13-30 (j) (1). Appellant's original trial ended when the trial court granted the State's motion for mistrial, on the ground that appellant's counsel had placed improper and prejudicial evidence before the jury. Appellant subsequently filed a plea of former jeopardy in an effort to avoid being retried on the drug charge. Appellant appeals directly from the trial court's order denying his plea of former jeopardy. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

"Once the jury has been impaneled and sworn, jeopardy attaches. [Cits.] However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue. [Cits.]" *Davis v. State*, 170 Ga. App. 748 (318 SE2d 202) (1984). See also *Abdi v. State*, 249 Ga. 827 (2) (294 SE2d 506) (1982); *George v. State*, 180 Ga. App. 548 (349 SE2d 473) (1986). The mistrial in the present case was declared when defense counsel asked appellant whether, in the context of the investigation of the present charges, he had "ever taken a polygraph examination?" and appellant responded, "No, not for the State of Georgia." There was no stipulation as to the admissibility of any polygraph evidence and, in fact, no polygraphic examination of the appellant had ever been made in the investigation of the case. Thus, in violation of the rules of evidence and contrary to the true state of facts, the question and appellant's answer thereto intimated that, although the State had not undertaken to conduct its own test, there did exist a *private* polygraph test, the results of which were *exculpatory* of appellant.

The State raised a proper objection, and immediately moved for a mistrial. The trial court heard arguments from both counsel concerning the proper curative action to take, and it considered the matter further during a short recess before actually granting the State's motion for a mistrial over the objection of appellant's counsel. "In this case, the trial judge (unlike ourselves) actually observed the colloquy between defense counsel and the [appellant]. We cannot say that the judge abused his discretion in determining that declaration

of a mistrial was required because prejudicial and inadmissible matter injected by the defense made it impossible for an impartial verdict to be reached. Declaration of a mistrial on such a ground does not lend itself to prosecutorial manipulation." *Abdi v. State*, supra at 828-829.

Appellant further urges that, if neither the statutory nor the constitutional law of this state bars his retrial, then his retrial would nevertheless be prohibited by the double jeopardy clause of the Fifth Amendment to the Constitution of the United States. We find that there was no violation of appellant's federal constitutional rights in the present case. "[I]f a trial judge acts irrationally or irresponsibly [cits.], his action cannot be condoned. But our review of this record indicates that this was not such a case. Defense counsel aired improper and highly prejudicial evidence before the jury, the possible impact of which the trial judge was in the best position to assess. The trial judge did not act precipitately in response to the prosecutor's request for a mistrial. On the contrary, evincing a concern for the possible double jeopardy consequences of an erroneous ruling, he gave both defense counsel and the prosecutor full opportunity to explain their positions on the propriety of a mistrial. We are therefore persuaded by the record that the trial judge acted responsibly and deliberately, and accorded careful consideration to [appellant's] interest in having the trial concluded in a single proceeding. Since he exercised 'sound discretion' in handling the sensitive problem of possible juror bias created by the improper [questioning] of defense counsel, the mistrial order is supported by the 'high degree' of necessity which is required in a case of this kind. Neither party has a right to have his case decided by a jury which may be tainted by bias; in these circumstances, 'the public's interest in fair trials designed to end in just judgments' must prevail over the defendant's 'valued right' to have his trial concluded before the first jury impaneled." *Arizona v. Washington*, 434 U. S. 497, 514-516 (3) (98 SC 824, 54 LE2d 717) (1978).

It follows that, under the facts of the present case, the trial court did not abuse its sound discretion by granting the State's motion for a mistrial. Accordingly, appellant's plea of former jeopardy was correctly denied, because his retrial would not be barred under either the statutory or constitutional law of this State or the Federal Constitution.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Sognier, Pope, and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

Deen, Presiding Judge, dissenting.

The majority opinion does much in quoting from other cases, but it fails to face the facts in this particular case. The most crucial fact here is that, contrary to the majority opinion's conclusion that "the

trial court did not abuse its sound discretion by granting the State's motion for a mistrial," the trial court apparently exercised no discretion at all in declaring a mistrial over the objection of the defendant. No manifest necessity existed for declaring mistrial, and the defendant's plea of former jeopardy was meritorious. I must respectfully dissent.

Near the conclusion of the trial, defense counsel asked the defendant whether he had ever taken a polygraph examination, to which the defendant responded, "No, not for the State of Georgia." Since no stipulation as to the admissibility of polygraph results had been entered by the State and the defendant, it was an inappropriate question, and a curative instruction to the jury no doubt would have been in order, as well as a warning to defense counsel not to refer to the matter again. The prosecutor, however, moved for mistrial, inaccurately maintaining that had the State made such an inquiry, a mistrial would have been automatic. That simply is not the law. See *Williams v. State*, 251 Ga. 749, 803 (15) (312 SE2d 40) (1983). Where an improper reference to a lie detector test is made, the decision whether to grant a mistrial is within the sound discretion of the trial court. Id. The defense counsel promised not to refer to the matter again, and asked the court to give a curative instruction; however, in exercising its "sound" discretion, the trial court doubted the efficacy of such an instruction and chose to declare a mistrial.

The majority opinion attempts to demonstrate the soundness of the trial court's decision by explaining just how corruptive the question and answer were in this case: "Thus, in violation of the rules of evidence and contrary to the true state of facts, the question and appellant's answer thereto intimated that, although the State had not undertaken to conduct its own test, there did exist a *private* polygraph test, the results of which were exculpatory of appellant." I cannot share in that suppositive and exaggerated meaning attached by the majority opinion to the question and answer. Moreover, I fail to see how the particular question and answer in this case could have so tainted the mind of any rational trier of fact to the extent that a curative instruction from the trial court would have been ineffective.

Contrary to the majority opinion's supposition, the defendant's answer, in the first place, did not indicate that he had taken a private polygraph, and secondly, certainly did not intimate that a private polygraph was exculpatory. " '[N]othing of substance was mentioned, including whether the test was passed or failed or whether indeed one was given.' " *Merrell v. State*, 162 Ga. App. 886, 888 (293 SE2d 474) (1982). In reviewing references to polygraph examinations apparently more improper than the one in the instant case, both the Supreme Court and this court have found the impropriety cured by instruction to the jury. *Evans v. State*, 256 Ga. 10 (342 SE2d 684) (1986); *Wil-*

*liams v. State,* supra; *Snell v. State,* 160 Ga. App. 74 (286 SE2d 52) (1981); *Rollins v. State,* 154 Ga. App. 585 (269 SE2d 81) (1980).

In the instant case, the curability of the improper reference to a polygraph, i.e., by appropriate instruction to the jury, demonstrates the absence of any manifest necessity to declare a mistrial over the objection of the defendant. The defendant's first trial having thus been improperly terminated after the jury was impaneled and sworn, a second prosecution is barred. OCGA § 16-1-8 (a).

DECIDED MAY 11, 1988 —
REHEARING DENIED MAY 25, 1988 — 

*George C. Oetter, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.