A91A0258. In the Interest of H. S., a child.
(405 SE2d 323)

Carley, Judge.

A delinquency petition was filed, alleging that appellant "did unlawfully, maliciously cause bodily harm to [the victim] by seriously disfiguring a member of his body, to wit: his head, in violation of OCGA § 16-5-24." A hearing on this petition was held and appellant appeals from the juvenile court's adjudication of delinquency.

Only the general grounds are raised in related enumerations of error. In juvenile proceedings, "the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. [Cits.]" *M. W. W. v. State of Ga.*, 136 Ga. App. 472, 474 (221 SE2d 669) (1975). The evidence in the instant case authorized a finding that, as the result of an unprovoked beating administered by appellant, the victim suffered a broken nose and a laceration to the scalp requiring several stitches. Accordingly, the evidence authorized a finding that the victim had incurred a serious disfigurement to his head as the result of being intentionally struck by appellant. *Penland v. State*, 229 Ga. 256 (1) (190 SE2d 900) (1972); *Price v. State*, 160 Ga. App. 245 (1) (286 SE2d 744) (1981); *Thompson v. State*, 156 Ga. App. 1 (1) (273 SE2d 894) (1980); *Miller v. State*, 155 Ga. App. 54, 55 (4) (270 SE2d 466) (1980); *Rollins v. State*, 154 Ga. App. 585, 588 (5) (269 SE2d 81) (1980). "Black's Law Dictionary defines 'disfigurement' as 'that which impairs or injures . . . the appearance of a person . . .,' and defines 'serious' as 'grave, (or) great.'" *Baker v. State*, 246 Ga. 317, 318 (2) (271 SE2d 360) (1980). To constitute the crime of aggravated battery, there is no requirement that, in addition to being "serious," the disfigurement of a victim be permanent. The evidence in this case demonstrates, at the very least, "serious *temporary* disfigurement to the victim. . . ." (Emphasis supplied.) *Baker v. State*, 245 Ga. 657, 667 (6) (266 SE2d 477) (1980). The juvenile court, as the trior of fact, was authorized to find from the evidence proof of appellant's delinquency beyond a reasonable doubt and the general grounds are, therefore, without merit. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

Decided April 1, 1991.

*Laurens C. Lee*, for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.