## 72456. GARNER v. THE STATE.
(348 SE2d 690)

CARLEY, Judge.

After a jury trial, appellant was convicted of burglary, aggravated sodomy, and robbery. He appeals from the judgments of conviction and sentences entered on the jury's verdict.

1. Appellant's enumeration of error addresses the admission of testimony concerning the existence of a murder investigation which was only tangentially related to the instant case. The testimony was given by a detective and was to the effect that, while assisting in "a murder investigation," she had been present when a house belonging to appellant's in-laws was searched. During the search, she saw a piece of jewelry which she had reason to believe had been stolen from the victim in the instant case. This item was observed in a bedroom that appellant and his wife were occupying. Based upon this information, the detective subsequently sought and secured another warrant to seize the jewelry as evidence relevant to the instant crimes. This second search, however, failed to produce the specific item of jewelry that had been observed earlier. Appellant contends that the probative value of this testimony was outweighed by the inference that he was under investigation for murder.

At the time that a reference to a "murder investigation" was first made on direct examination of the witness, appellant raised no objection. "It is clear that failure to make a timely and specific objection at the time to the admission of evidence constitutes a waiver of the admissibility issue. [Cit.]" *Mowell v. State*, 172 Ga. App. 641, 642 (324 SE2d 210) (1984). On cross-examination of the witness, appellant then re-introduced the topic of the first search in an apparent effort to discredit the witness' earlier testimony. Specifically, appellant insisted on establishing why the unaccounted for item of jewelry had not simply been seized in the first search. The obvious inference of the cross-examination was that, if such an item connecting appellant with the instant crimes existed, it would be in evidence in the instant case for the jury's consideration. As the result of appellant's cross-examination, the state then attempted to show on re-direct that the jewelry was not a seizable item pursuant to the first warrant, by eliciting from the witness the same statement that she had made on direct without objection: That the first search was made in connection with "a murder investigation." It was only then that appellant objected and moved for a mistrial.

Under these circumstances, the trial court did not err in ruling

that it was appellant's cross-examination of the witness that had rendered the explanation of her conduct in the first search a relevant issue. "[T]he attorney for the defendant by his cross-examination brought into the picture the conduct of the officer. This being true, the evidence was admissible to explain the conduct of such officer. The answer of the witness served to explain [her] conduct and served to save [her] testimony from disrepute before the jury as to being unreasonable and unauthorized." *Foster v. State*, 72 Ga. App. 237, 239 (2a) (33 SE2d 598) (1945). See also *Harris v. State*, 69 Ga. App. 872-873 (27 SE2d 51) (1943). Moreover, to the extent that the testimony was merely cumulative of that already given by the witness without objection on direct, its admission, if error, was harmless. "Where the same evidence is earlier elicited from the witness — unobjected to, no reversible error appears. [Cit.]" *Wilson v. State*, 145 Ga. App. 315, 322 (244 SE2d 355) (1978).

After the above colloquy, the State elicited from the witness the name of the murder victim. Appellant did not object or move for mistrial. At the conclusion of the State's redirect, the trial asked appellant's counsel if he wished to cross-examine the witness further. Appellant's counsel responded: "Let me finish with this witness then I'll have another motion. . . ." Only after he had finished cross-examining the witness did appellant's counsel move for a mistrial based upon the previous eliciting of the murder victim's name during the State's redirect of the witness. The motion was denied. Although appellant's counsel stated at the outset of re-cross-examination that, at the conclusion, he would "have another motion" of some unspecified type, it is the law of this State that a motion for *mistrial* "which is not made *at the time the questions objected to are answered* is not timely and will be considered as waived because of the delay in making it. [Cits.]" (Emphasis supplied.) *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986). "By failing to make a timely objection, [appellant] has waived any objection that might have been made. [Cit.] Moreover, a mistrial will not lie where evidence is admitted without objection ([cit.]) and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. [Cit.]" *Bennett v. State*, 165 Ga. App. 600, 601 (302 SE2d 367) (1983).

2. Appellant further asserts that the trial court erred by failing to give the jury instructions regarding the limited purpose for which the evidence concerning the "murder investigation" was being admitted. No such instructions having been requested, it was not error to fail to give them. See generally *Pyburn v. State*, 175 Ga. App. 158, 159 (2) (332 SE2d 899) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

R. *David Botts*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, John M. Turner, Jr., Benjamin H. Oehlert III*, Assistant District Attorneys, for appellee.