### 75466. THE STATE v. LeMAY.
(367 SE2d 61)

BENHAM, Judge.

Appellee LeMay was indicted for vehicular homicide, driving under the influence of alcohol, and speeding. A jury found appellee guilty of DUI and speeding, but was unable to reach a verdict on the vehicular homicide charge. After the trial court declared a mistrial as to that count, the State initiated proceedings to re-try appellee on the vehicular homicide charge. Appellee then filed a plea in bar, contending that a retrial would violate the statutory as well as the federal and state constitutional proscriptions against double jeopardy. The trial court granted appellee's motion, causing the State to file this appeal. See OCGA § 5-7-1 (3); *State v. Stowe*, 167 Ga. App. 65 (1) (306 SE2d 663) (1983).

1. The Supreme Court of the United States has held that the double jeopardy provision contained in the Fifth Amendment to the United States Constitution does not prohibit a second trial of an accused when the accused's first trial ended in a mistrial due to the jury's inability to reach a verdict. *Illinois v. Somerville*, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1973); *Cameron v. Caldwell*, 232 Ga. 611, 612 (208 SE2d 441) (1974). Similarly, the Supreme Court of Georgia has ruled that the state constitutional double jeopardy provision, now found in Art. I, Sec. I, Par. XVIII of the 1983 Georgia Constitution, does not prohibit the second trial of an accused when the first trial ended in a mistrial due to a deadlocked jury. *Cameron*, supra. Therefore, the grant of appellee's plea in bar must rest upon the statutory prohibitions against double jeopardy (OCGA §§ 16-1-7 and 16-1-8), which afford an accused more protection than the "minimum standards" contained in the constitutional bars. *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974); *State v. Warren*, 133 Ga. App. 793, 795 (213 SE2d 53) (1975).

2. OCGA § 16-1-8 (a) bars a prosecution "if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal; or (2) Was terminated improperly after the jury was impaneled and sworn . . ." It is not improper to terminate a prosecution when the jury is unable to reach a verdict. OCGA § 16-1-8 (e) (2) (C). Since appellee, now facing a charge of vehicular homicide, was formerly tried for the same crime based upon the same facts, and the prosecution resulted in neither conviction nor acquittal but was properly terminated, OCGA § 16-1-8 (a) does not bar this prosecution of appellee for vehicular homicide.

3. Pointing out that he was convicted of driving under the influence, appellee contends that the second prosecution is barred under OCGA § 16-1-8 (b) (1). That subsection bars prosecution if the accused "was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution . . . , or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution . . ." Making the argument raised but the merits of which were not addressed in *Bell v. State*, 249 Ga. 644 (2) (292 SE2d 402) (1982), appellee asserts that he may not now be prosecuted for vehicular homicide because the same evidence used to convict him of the DUI charge would be needed to convict him of vehicular homicide. In making his argument, appellee is apparently relying upon that portion of OCGA § 16-1-8 (b) (1) that was designated (iii) (A) by the Supreme Court in *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413) (1984). However, any reliance upon OCGA § 16-1-8 (b) in a case where an accused is being prosecuted for a crime, the first trial of which was terminated for any reason listed in OCGA § 16-1-8 (e), is misplaced. OCGA § 16-1-8 (a) governs in such a case, since it is a situation in which the accused was formerly prosecuted for the *same crime* based upon the *same material facts*. Subsection (b) governs if the accused was formerly prosecuted for a different crime or the same crime based upon *different facts*. If a case fits within the parameters of subsection (a), that becomes the exclusive means for determining whether double jeopardy bars a retrial. Subsection (b) governs cases in which the State brought *separate* prosecutions for a greater and included offense, in violation of OCGA § 16-1-7 (b). If subsection (b) is applicable to a case such as the one at bar, one in which an accused is tried for multiple offenses, several of which are offenses included in one of the other charges, and is convicted of the lesser offenses but suffers a

mistrial with regard to the greater offense, then the State would only be able to retry the accused on the greater offense if an evidentiary quirk arose. See, e.g., *Bell v. State*, supra, Division 2. In the vast majority of cases, the portion of OCGA § 16-1-8 (b) (1) that calls for *each* prosecution to require proof of a fact not required in the other prosecution would bar retrial since cases involving included offenses, by their very definition, preclude proof of a fact in the included offense that is not required to be proved in proving the greater offense. Such an application of the statute would also fly in the face of the Supreme Court's holding in *Bell*, supra: "[W]here the State sought to prosecute a defendant on two offenses in a single prosecution, one of which is included in the other, and the defendant receives a mistrial on the greater offense, the remaining conviction of the lesser offense does not bar retrial of the greater offense." Id. at Division 3.

Appellee's prior trial on the vehicular homicide charge did not end in conviction, acquittal, or improper termination. Therefore, retrial on that same charge is not barred by either the constitutional or statutory prohibitions against double jeopardy. Of course, as was noted in *Bell*, should appellee be convicted of vehicular homicide on retrial, the trial court must set aside the conviction of driving under the influence since it is an offense included in vehicular homicide (see OCGA § 40-6-393; *Rank v. State*, 179 Ga. App. 28 (2) (345 SE2d 75) (1986)), and OCGA § 16-1-7 (a) (1) prohibits conviction of both offenses.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED MARCH 2, 1988 —

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellant.
*Ray C. Smith*, for appellee.