A96A1110. JEFFERSON v. THE STATE.
(479 SE2d 406)

SMITH, Judge.
Kenneth Robert Jefferson appeals the denial of his motion for discharge and acquittal based on double jeopardy grounds. On January 22, 1994, two uniform traffic citations (UTCs) were issued against Jefferson, one charging violation of OCGA § 40-6-391 (a) (1) (DUI), and one charging violation of OCGA § 40-6-48 (failure to maintain lane). The charges proceeded to trial in the City Court of Atlanta. After the jury was impaneled and sworn the State proceeded on an accusation charging violation of former OCGA § 40-6-391 (a) (4) (driving under the combined influence of two or more specified

substances) in addition to the charges contained on the UTCs.[1] The accusation was not served on Jefferson prior to trial.

Jefferson announced that he was ready to proceed on the charges contained in the UTCs but objected to proceeding on the additional count because he did not have notice of it until trial. The State agreed that Jefferson was entitled to a copy of the accusation and a continuance but stated that a continuance could occur only if a mistrial were declared. The trial court also agreed that Jefferson was entitled to notice of the additional count and that he was entitled to a continuance. But the court declined to grant a continuance at the State's urging and over Jefferson's strenuous objection; instead, the court concluded that the appropriate procedure would be to declare a mistrial because a jury had been impaneled.

Jefferson's case was again called for trial on June 23, 1994, approximately one month after the first one terminated in a mistrial. He filed a motion for discharge and acquittal on the basis that the trial court improperly terminated the prior trial, exposing him to double jeopardy. The trial court denied the motion, stating that it had terminated the first trial because "the best interest of justice would be served for all concerned if a mistrial was granted." This conclusion appears to be based on the trial court's findings that Jefferson "wanted more time to prepare to defend against the accusations" and that the jurors already impaneled were scheduled to be released on the day the first trial was to proceed.

A person may not be prosecuted for the same offenses as those in a prior prosecution if the former prosecution was improperly terminated after the jury was impaneled and sworn. OCGA § 16-1-8 (a) (2). A trial is improperly terminated if there was no manifest necessity for declaring a mistrial. See, e.g., Smith v. State, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994). Manifest necessity exists only under "urgent circumstances." Id. When determining whether such urgency is present, a trial court must scrupulously exercise its discretion in "weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances." (Citation and punctuation omitted.) Foody v. State, 205 Ga. App. 666 (423 SE2d 423) (1992). See also Stevens v. State, 215 Ga. App. 718, 719 (1) (452 SE2d 176) (1994). It "should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives, calling for a recess

---

[1] We note that OCGA § 40-6-391 was revised, effective July 1, 1996. Included in the revisions were the addition of new paragraph (4) and redesignation of former paragraphs (4) and (5).

if necessary and feasible to guard against hasty mistakes. [Cit.]" *Smith*, supra, 263 Ga. at 783 (1). See also *Stevens, Foody*, supra.

Unless manifest necessity demanded otherwise, once the jury was impaneled in Jefferson's trial, "jeopardy attached, and he was entitled to be acquitted or convicted by that jury." (Citations and punctuation omitted.) *Smith*, supra at 783 (1). As noted above, Jefferson vehemently objected to termination of the trial and requested that it proceed on the two counts of which he had knowledge. The trial court nonetheless almost immediately declared a mistrial after learning of the additional charge in the accusation. It did not consider proceeding on the other two counts, and it summarily found that continuing the trial would not be "practical."

The trial court's statement that Jefferson "wanted more time" to prepare suggests inaccurately that Jefferson acquiesced in the mistrial. Jefferson's counsel never acquiesced; counsel made the comment only in response to the trial court's question as to whether he intended to "properly prepare" for the additional count in the event a continuance or mistrial was granted. The trial court failed to consider less drastic alternatives, and nothing in the record shows that it factored into its decision Jefferson's right to be tried before the sworn jury. It also failed to consider the surrounding circumstances, notably that Jefferson was served with a copy of the accusation after the jury was impaneled and sworn, even though he requested a copy three months before the trial.

The record indisputably shows that the trial court's action was undertaken in circumstances that were not urgent and without regard to the State's failure to inform Jefferson of the charges on which it intended to proceed. Moreover, the trial court gave no "consideration [to] alternative remedies which would have preserved [Jefferson's] 'valued right' to proceed with the trial." *Foody*, supra at 668. Consequently, Jefferson's plea in bar was erroneously denied.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 18, 1996 —
RECONSIDERATION DENIED DECEMBER 12, 1996.

*William C. Head*, for appellant.

*Louise T. Hornsby, Solicitor, Marcelle A. Castillo, Assistant Solicitor*, for appellee.