## A97A1823. BANKS v. THE STATE.

(495 SE2d 877)

Beasley, Judge.

When a nurse responded affirmatively to defense counsel's inquiry whether the victim had reported a prior act of consensual intercourse, the court declared a mistrial in Jeffrey Banks' trial for rape (OCGA § 16-6-1), aggravated assault (OCGA § 16-5-21), false imprisonment (OCGA § 16-5-41), and false statements (OCGA § 16-10-20). Prior to retrial, Banks moved to dismiss on grounds of double jeopardy under the United States and Georgia Constitutions and under OCGA § 16-1-8, which motion the court denied. The issues are (i) whether the court's pre-trial order allowing Banks to present his own testimony that he and the victim had previously had consensual intercourse permitted him under Georgia's Rape Shield Statute (OCGA § 24-2-3) to ask the nurse about the victim's statement, and (ii) whether the inquiry and answer were so prejudicial as to create a manifest necessity to declare a mistrial.

1. "The United States and Georgia Constitutions proscribe a defendant's being twice placed in jeopardy for the same offense. United States Constitution, Fifth Amendment; Georgia Constitution, Art. I, Sec. I, Par. XVIII. OCGA §§ 16-1-6, 16-1-7, and 16-1-8 extend the proscription of double jeopardy beyond those constitutional limits by placing limitations upon multiple prosecutions, convictions and punishments for the same criminal conduct. A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn."[1]

Under OCGA § 16-1-8 (a) (2), a prosecution is barred if the defendant was formerly prosecuted for the same crime and the former prosecution was terminated improperly after the jury was impaneled and sworn. A prosecution is not terminated improperly under this statute if the court declares a mistrial based on the misconduct of the defendant in introducing prohibited evidence that irreparably prejudices the State's case.[2] Similarly, the "double-jeopardy clause of the Fifth Amendment, as applicable to the states through the due-process clause of the Fourteenth Amendment, does not bar retrial of a criminal defendant following declaration of a mistrial over his objection where there is 'manifest necessity' for declaration of the mistrial or the 'ends of public justice' would be defeated by allowing the trial to continue. *Illinois v. Somerville,* 410 U. S. [458 (93

---

[1] (Citations and punctuation omitted.) *Hubbard v. State,* 225 Ga. App. 154, 155 (483 SE2d 115) (1997).

[2] *State v. Abdi,* 162 Ga. App. 20, 22 (288 SE2d 772) ("*Abdi I*"), aff'd 249 Ga. 827 (294 SE2d 506) (1982) ("*Abdi II*").

SC 1066, 35 LE2d 425) (1973)]."[3] Nor does the Georgia Constitution bar a retrial under such circumstances.[4] In determining whether there was manifest necessity, we consider whether Banks' inquiry of the nurse violated the Rape Shield Statute, and if so, whether the inquiry and answer caused irreparable prejudice.

2. In any prosecution for rape, Georgia's Rape Shield Statute[5] prohibits the introduction of evidence relating to the past sexual behavior of the victim. The statute "is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused. It prohibits all evidence relating to the past sexual behavior of the complaining witness, including marital history, mode of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to community standards; in other words, her reputation concerning past sexual activity with persons other than the defendant."[6] "OCGA § 24-2-3 assists the truth-seeking process by preventing the jury from becoming inflamed or impassioned and deciding the case on irrelevant and prejudicial evidence."[7]

The statute provides for a limited exception subject to a specified procedure that is "the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness."[8] The defendant must first notify the court of an intent to introduce the evidence, whereupon the court conducts an in camera hearing to consider the defendant's offer of proof.[9] The court must make one of the following sets of findings before the evidence is admissible: (i) "that the past sexual behavior directly involved the participation of the accused and . . . that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution," or (ii) that the evidence "is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence."[10] If the court makes one of these sets of findings, "the court

---

[3] *Abdi v. State,* 249 Ga. at 828 (1); see *Abdi v. State,* 744 F2d 1500, 1502-1503 (11th Cir. 1984) ("*Abdi III*"); *Jackson v. State,* 226 Ga. App. 256, 257 (485 SE2d 832) (1997).

[4] *Abdi I,* 162 Ga. App. at 21.

[5] OCGA § 24-2-3.

[6] *Parks v. State,* 147 Ga. App. 617 (249 SE2d 672) (1978).

[7] *Harris v. State,* 257 Ga. 666, 667 (1) (a) (362 SE2d 211) (1987).

[8] (Citations and punctuation omitted.) *Griffin v. State,* 224 Ga. App. 225 (2) (480 SE2d 608) (1997). See *Tremble v. State,* 162 Ga. App. 761, 762 (2) (292 SE2d 442) (1982).

[9] OCGA § 24-2-3 (c) (1).

[10] OCGA § 24-2-3 (b), (c) (2). See *Brown v. State,* 214 Ga. App. 676, 677 (2) (448 SE2d 723) (1994).

shall by order state what evidence may be introduced by the defense at the trial of the case and in what manner the evidence may be introduced."[11] Only then may the defendant introduce the evidence, and then only as set forth in the court order.[12]

With regard to the question asked of the nurse, Banks did not follow this procedure. Prior to trial he did notify the court of his intent to introduce evidence of prior sexual relations with the victim. At the in camera hearing on the first day of trial, defense counsel claimed that a few weeks prior to the incident, Banks and the victim had engaged in voluntary intercourse under similar circumstances, and that this contributed to his belief that the later incident was consensual. Counsel stated that Banks would testify to this, and that a police officer and a friend of Banks would both testify that Banks told them of this prior act. The prosecution doggedly pressed defense counsel to ensure the defense intended to present no other evidence of this alleged earlier incident. After extensive argument, the court found the evidence admissible and specifically limited it to the proffer made.

At no time did Banks proffer that a nurse would testify that the victim admitted to a prior act of voluntary intercourse, nor did he claim the victim had ever admitted it to anyone. Nevertheless, when the nurse who had treated the victim was testifying, Banks asked whether in taking the history of the victim she had established that three to four weeks before the alleged rape the victim had had voluntary intercourse. This statement of the victim appeared in the nurse's admissions report, which the defense had received ten days prior to trial. Just before the State objected, the nurse responded affirmatively.

The State moved for curative instructions and then for a mistrial, arguing that Banks had not included this admissions report statement in his proffer, and further that had he done so, the State would have presented evidence from the victim and her ex-boyfriend that the statement referred to an act of intercourse with the friend, not with Banks. Conceding the evidence had not been included in the proffer, Banks' counsel explained she had failed to notice it until reviewing the report during the direct examination of the nurse. Counsel argued she nevertheless had the latitude to cross-examine on the statement because it coincided with Banks' proffered testimony about the prior act of consensual intercourse. After lengthy argument and a recess, the court granted the State's motion for a mistrial.

---

[11] OCGA § 24-2-3 (c) (2).
[12] OCGA § 24-2-3 (c) (3).

Where the defendant has failed to include certain evidence in his proffer, the court is unable to make the required finding that the missing evidence concerns past sexual behavior directly involving the participation of the defendant, or that the missing evidence is so highly material that it substantially supports a consent defense.[13]

This case exemplifies the purpose for requiring a complete proffer. Had Banks proffered in the in camera hearing that he intended to introduce the statement in the admissions report as evidence of consensual intercourse with him, the State would have had the opportunity to elicit from the victim and her ex-boyfriend that the statement did not refer to Banks. If based on the evidence presented the court found the statement did not refer to sexual activity involving Banks, the court would have precluded its admission. On the other hand, if the court found it did involve him and was indicative of consent, the court would have ordered the manner in which it would be introduced. Banks completely bypassed these procedural safeguards by failing to give any notice of an intent to ask about the sexual history contained in the admissions report. Because the procedure in the statute is the "exclusive means" for admitting any past sexual history of the victim in a rape prosecution,[14] Banks' failure rendered any reference to the statement inadmissible.

Banks argues that the State's failure to object before the nurse responded constitutes waiver, citing *Garner v. State*.[15] This argument is specious. The record shows the prosecution objected so quickly that the court and parties were unsure whether the nurse had answered the question before the objection, and that the court had the tape of the proceedings played back to determine this. Furthermore, objecting after a one-word answer is hardly dilatory. There is no waiver here. In contrast, *Garner* found waiver where the party failed to object to the prejudicial evidence when discussed on direct and did not object until the matter was raised again on redirect.[16] When the matter was raised yet a second time on redirect, the party made no objection or motion until after recross-examination was concluded.[17]

3. The second issue is whether the introduction of evidence prohibited by the Rape Shield Statute gives a court grounds to find manifest necessity for a mistrial. This Court (*Abdi I*), the Supreme Court of Georgia (*Abdi II*), and the United States Court of Appeals for the Eleventh Circuit (*Abdi III*) have held that it does.

Abdi's counsel asked the victim if the defendant had ejaculated,

---

[13] OCGA § 24-2-3 (b), (c) (2).
[14] See cases cited in n. 8, supra.
[15] 180 Ga. App. 146 (348 SE2d 690) (1986).
[16] Id. at 146-147 (1).
[17] Id. at 147.

in response to which the victim made a remark concerning the physical process of sexual ejaculation. Counsel then said, " 'You have had personal experience with that?' "[18] Before the witness answered, the State objected, asked for a curative instruction and stated it was not moving for a mistrial.[19] Without hearing from defense counsel, the court immediately found the remark too prejudicial and sua sponte declared a mistrial.[20] Prior to retrial, Abdi filed a plea of former jeopardy, claiming no manifest necessity existed for the mistrial order.[21] The judge at the second trial sustained the plea and granted an acquittal.[22]

*Abdi I* reversed, holding the original trial court "determined that in this case the injection by the defense of matter strictly prohibited by the Georgia 'shield law' [OCGA § 24-2-3] irreparably prejudiced the right of the state to a fair trial. In these circumstances, the trial court determined that mistrial was a 'moral necessity' [cit.] and a legal necessity, and we cannot say the trial court abused its discretion on that account. [Cits.]"[23] *Abdi II* affirmed this holding, explaining that "where, as here, the remarks by defense counsel are in violation of a 'shield law,' declaration of a mistrial is certainly in implementation of a legitimate state policy."[24]

Abdi was nevertheless successful in obtaining habeas corpus relief from the federal district court, only to have it reversed by the Eleventh Circuit in *Abdi III*, which reasoned that the "clear policy of the shield law supports the trial court's evaluation and reflects the judgment of Georgia lawmakers that such evidence is unusually prejudicial. The statute also put the defense attorney on notice regarding such inquiries. The obvious impropriety of the action here made a swift declaration of mistrial more acceptable than in cases where the reason for mistrial is more susceptible to doubt[.] [Cits.]"[25]

The facts here are even more compelling than *Abdi*. In response to the improper question, the nurse affirmed the victim's sexual activity, and the court acted only after the State moved for a mistrial and after it discussed at length with both counsel the question of whether curative instructions would suffice.[26] It even took a recess to

---

[18] *Abdi I*, 162 Ga. App. at 20; *Abdi II*, 249 Ga. at 827; *Abdi III*, 744 F2d at 1502, fn. 1.
[19] Id.
[20] *Abdi I*, 162 Ga. App. at 20-21; *Abdi III*, 744 F2d at 1503-1504.
[21] *Abdi I*, 162 Ga. App. at 21.
[22] Id.
[23] Id. at 22.
[24] 249 Ga. at 829.
[25] 744 F2d at 1504; compare *George v. State,* 257 Ga. 176, 177 (2) (356 SE2d 882) (1987) (no manifest necessity where questioning did not violate Rape Shield Statute).
[26] See *State v. Battaglia,* 221 Ga. App. 283, 288 (2) (470 SE2d 755) (1996) (court should give consideration to reasonable alternatives to mistrial).

consider the matter before ruling.[27] It specifically found that (a) the injection of the evidence irreparably prejudiced the right of the State to a fair trial, (b) an impartial verdict could not be reached, (c) the error could not be cured by instructions to the jury, and (d) manifest necessity existed to declare a mistrial, absent which the ends of public justice would be defeated. The court did not abuse its discretion.[28]

Banks nevertheless argues the State was not prejudiced by the evidence, for the jury consisted of "sophisticated," "modern" jurors who would not discredit the victim's testimony because she was sexually active. Banks misperceives the purpose of the Rape Shield Statute. "The purpose of the law is to 'protect the complaining witness, thereby encouraging the reporting and prosecution of rapes' by excluding immaterial and prejudicial evidence of the victim's sexual history. [Cit.]"[29] It also seeks to eliminate any vestiges of the bias that "women of promiscuous sexual reputation are entitled to less protection under the rape laws than women of chaste reputation."[30] As held in the three *Abdi* decisions, these policies are so strong that a single unanswered question by defense counsel about the victim's sexual history may alone give rise to the manifest necessity for a mistrial.

Because of Banks' improper question, the State was faced with the dilemma either to invade the victim's privacy by having her publicly testify to the jury about her sexual history so as to deny that the statement in the admissions report referred to Banks, or to just let the matter alone and allow the jury to believe that the undenied statement to the nurse referred to a previous sexual episode with Banks (to which Banks would testify). A defendant cannot take advantage of an error induced by him so as to plead former jeopardy.[31]

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 21, 1998.

*Jo C. Nesset-Sale*, for appellant.

---

[27] See *Venson v. State*, 212 Ga. App. 540, 541 (1) (441 SE2d 893) (1994) (court took recess to consider motion after hearing extensive argument; " ' "The manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring mistrial" ' "); *Moss v. State*, 200 Ga. App. 253, 255 (407 SE2d 477) (1991) (court took recess to consider); *Phelps v. State*, 187 Ga. App. 236 (369 SE2d 506) (1988) (court took short recess to consider).

[28] See *Abdi I*, 162 Ga. App. at 22 (whether to grant a mistrial is in the court's discretion).

[29] *Hicks v. State*, 222 Ga. App. 828, 829 (1) (476 SE2d 101) (1996); see *Harris*, supra, 257 Ga. at 667 (1) (a).

[30] *Singleton v. State*, 157 Ga. App. 192 (1) (276 SE2d 685) (1981).

[31] *Abdi I*, 162 Ga. App. at 22.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.