S97A1457. PLEAS et al. v. THE STATE.
S97A1458. PLEAS v. THE STATE.
S98A0124. PLEAS v. THE STATE.
(495 SE2d 4)

HUNSTEIN, Justice.

Bilal and Solomon Pleas were indicted in Fulton County on charges of murder, felony murder and two counts of aggravated

---

assault. The murder and assaults occurred on September 24, 1996. On May 2, 1997 the trial court granted the State's pre-trial motion in limine to exclude evidence of the murder victim's prior conviction for voluntary manslaughter. The trial court stated that it intended to make a specific ruling about the admissibility of the victim's acts of prior violence and in particular his conviction for voluntary manslaughter only following a ruling that defendants had presented a sufficient prima facie case of justification. A jury trial commenced on May 5, 1997. On May 6, over objection by the defense, the trial court granted the State's motion for mistrial on the ground that the State had been prevented from obtaining a fair trial due to the irreparable injury caused by the defense improperly injecting evidence of the victim's bad character. The mistrial was declared after Bilal's attorney, in derogation of the trial court's order, queried a witness whether she "knew [the victim] was a convicted killer?"

In Case No. S97A1457, Bilal and Solomon both appeal from the order granting the mistrial. Solomon alone appeals from the order denying his plea in bar to retrial on double jeopardy grounds in Case No. S98A0124. Rickey L. Richardson, Bilal's attorney, appeals in Case No. S97A1458 from an order finding him in criminal contempt for intentionally disobeying an order of Fulton Superior Court Judge Wendy Shoob.

1. There is no jurisdictional basis for an appeal from an order declaring a mistrial inasmuch as a mistrial is not a final judgment from which an appeal will lie. *McCuen v. State*, 191 Ga. App. 645 (382 SE2d 422) (1989). Accordingly, the appeal in Case No. S97A1457 from the order granting the mistrial is hereby dismissed.

2. In Case No. S98A0124, Solomon Pleas contends that the trial court erred in rejecting his plea of double jeopardy because there was no manifest necessity for aborting the trial in light of other, less drastic remedies. We disagree.

Once a jury is impaneled and sworn, jeopardy attaches and a defendant is entitled to be acquitted or convicted by that jury. *Morris v. State*, 262 Ga. 446, 447 (421 SE2d 524) (1992). "If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial. [Cit.]" *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994). Manifest necessity can exist for reasons deemed compelling by the trial court, especially where " ' "the ends of substantial justice cannot be attained without discontinuing the trial. . . ." [Cit.]' [Cit.]" *Abdi v. State*, 249 Ga. 827, 828 (294 SE2d 506) (1982).

In the case before us, the trial court conducted a preliminary hearing to ascertain the admissibility of character evidence concerning the victim and repeatedly instructed defense counsel not to insert the prejudicial evidence of the victim's conviction into the trial. Com-

pare *Dotson v. State*, 213 Ga. App. 7 (1) (443 SE2d 650) (1994). When at trial the defense injected negative evidence of the victim's character without first obtaining a ruling from the trial court, the trial court determined that the defense made it improbable or impossible that an impartial verdict could be achieved. The trial court concluded that there was no less drastic alternative to a mistrial because "the prejudicial evidence was so inflammatory that it could not be eradicated from the jury's consideration." The trial court has a duty to ensure that all parties have a fair trial and has the authority to grant a mistrial where injustice is caused to either party in a criminal case and is especially empowered to avoid the absurdity of a defendant benefitting from the prejudicial error he created. See *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772) (1982), aff'd, *Abdi v. State*, supra, 249 Ga. 827. Accordingly, under the circumstances in this case, declaration of a mistrial was not an abuse of discretion and retrial is not barred by double jeopardy. See *Burleson v. State*, 259 Ga. 498 (384 SE2d 659) (1989). Compare *Smith v. State*, supra, 263 Ga. at 783 (2).

3. In Case No. S97A1458 Attorney Rickey Richardson appeals from the adjudication of criminal contempt and the $500 fine based on his courtroom conduct while representing Bilal Pleas. On May 8, 1997 the trial court declared Richardson in criminal contempt of court for purposefully violating a court ruling not to inject negative character evidence of the victim before obtaining permission from the court.

> During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in [her] presence and observed by [her] to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing.

*Dowdy v. Palmour*, 251 Ga 135, 141-142 (2) (b) (304 SE2d 52) (1983). The trial court determined that a finding of contempt and a fine were warranted because through his courtroom conduct Richardson had expressed general disrespect for the court and that even after warnings about his conduct Richardson "directly and intentionally violated the Court's order." A review of the transcript shows that Richardson engaged in contumacious conduct in the presence of the trial court, that he was offered the opportunity to explain his conduct, and that after failing to convince the trial court that his conduct was not contemptuous he was summarily punished for his direct contempt. The trial court's finding of contempt and assessment of a fine were warranted.

*Judgments affirmed in Case Nos. S97A1458 and S98A0124; Case*

*No. S97A1457 dismissed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Theodore Johnson,* for appellant (case no. S98A0124).
*Paul L. Howard, Jr., District Attorney, Carl P. Greenberg, Bettie-anne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.