A98A1751. DILLARD v. THE STATE.
(507 SE2d 881)

SMITH, Judge.

Dale Dillard was charged with driving under the influence of alcohol (Count 1) and disobedience of a traffic control device (Count 2) in one accusation. The jury found him guilty of Count 2, but was unable to agree on a verdict on Count 1. The trial court declared a mistrial with regard to Count 1 and delayed sentencing Dillard on Count 2 until after his retrial on Count 1. Before his retrial, Dillard filed a plea in bar, contending that a retrial would violate Georgia's statutory proscriptions against double jeopardy. See OCGA §§ 16-1-7 and 16-1-8. The trial court denied Dillard's plea and he appeals. See *Young v. State*, 251 Ga. 153, 155 (1) (303 SE2d 431) (1983).

Dillard contends he cannot be retried on Count 1 because OCGA § 16-1-7 (b) requires the two charges against him to be "prosecuted in a single action." He also asserts OCGA § 16-1-8 (b) bars a retrial because he was formerly prosecuted "for a crime which involves the

same conduct." Because this Court rejected virtually identical arguments in *State v. LeMay*, 186 Ga. App. 146, 148 (3) (367 SE2d 61) (1988), we find no merit in Dillard's appeal and affirm the trial court's denial of his plea of former jeopardy. See also *Rower v. State*, 267 Ga. 46, 47 (472 SE2d 297) (1996).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 19, 1998.

*Monte K. Davis*, for appellant.
*Ralph T. Bowden, Jr.*, Solicitor, *Margaret A. Dunaway, W. Cliff Howard*, Assistant Solicitors, for appellee.