## A98A2464. TERRELL v. THE STATE.
### (511 SE2d 555)

JOHNSON, Chief Judge.

Nelson Terrell was indicted for felony shoplifting and misdemeanor theft by taking. Two co-defendants were also charged in the same indictment and pled guilty. On April 20, 1998, the case was called for trial, the defense announced it was ready, and the jury was selected. On April 21, 1998, after opening statements had been completed, the trial judge announced she had received a message that the prosecutor had a family emergency. The judge further announced that the prosecutor's father had a heart attack, was hospitalized in Birmingham, Alabama, and that the prosecutor needed to go there.

The judge then stated "[s]o we need to declare a mistrial." Terrell's counsel asked whether a continuance could be granted. After noting that the jury had not heard any evidence and another jury could be obtained, the trial judge again announced her intent to declare a mistrial. The judge then asked the defense counsel whether he wanted the mistrial to be declared formally on the record. Terrell's counsel replied that the judge could just go back to the jury room and inform them of the decision. The judge again inquired whether she could just go back and tell the jury and let the prosecutor go. At this point, Terrell's counsel responded "[t]hat's fine with me."

On April 27, 1998, before the state commenced further prosecution, Terrell filed a motion to dismiss or acquit by reason of former jeopardy. After holding a hearing, the trial judge denied the motion. Terrell appeals.

At the hearing on the motion to dismiss or acquit, the prosecutor stated on the record that the situation causing the mistrial was an "emergency situation." Her father had been taken to the hospital with chest pains; it was thought that he had a heart attack. Her mother has Alzheimer's disease and could not cope with the situation by herself. The prosecutor and her brother both live in Atlanta. It subsequently was discovered that her father did not have a heart attack. He was hospitalized for four days and was found to have substantial arterial blockages. He currently is being evaluated for surgery. No other prosecutor had assisted her in the case or knew anything about it. The case was complicated in that it involved four or five witnesses, a question of whether a co-defendant would testify, and a *Jackson-Denno* issue.

At this same hearing, the trial judge stated that during the course of defendant's opening argument, it became apparent that the prosecutor had heard that her father had suffered a heart attack; it was clear that the prosecutor "was no longer able to go forward with the case"; and it would have been an injustice to make the prosecutor go forward with the case at that time. The trial judge further stated that she understood the balance between the defendant's and the state's rights and the seriousness of declaring a mistrial. She noted that no evidence had been presented and the defense's case still remained unknown to the state. The trial judge also stated that while she may not have mentioned it on the record, she did consider many alternatives. She recalled that in a similar case, the jury had been held on call for several weeks and was never able to finish that case. The judge reasoned that this was not a simple shoplifting case, noting the issues involved co-defendants and a suppression motion. It would have been an injustice to have another prosecutor enter the case. The trial judge said that she did not grant Terrell's request for a continuance due to her prior experience with similar family difficul-

ties, especially where the attorney must leave town. The trial judge further observed that based on what transpired in this situation, a continuance would not have been effective. Accordingly, the court concluded that it had no choice but to declare the mistrial.

OCGA § 16-1-8 (a) pertinently provides that: "A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: . . . (2) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before the findings were rendered by the trier of facts or after a plea of guilty was accepted by the court." Thus, jeopardy attached in this case.

Once jeopardy has attached, if a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a manifest necessity for the mistrial. Manifest necessity is determined by weighing a defendant's right to have his trial completed before a particular tribunal against the interest of the public in having fair trials designed to end in just judgments. In determining whether manifest necessity exists, the court's decision must take into consideration all the surrounding circumstances. *Cooke v. State*, 230 Ga. App. 326, 327 (496 SE2d 337) (1998). "Manifest necessity can exist for reasons deemed compelling by the trial court, especially where the ends of substantial justice cannot be attained without discontinuing the trial." (Citations and punctuation omitted.) *Pleas v. State*, 268 Ga. 889, 890 (2) (495 SE2d 4) (1998).

We find the trial court duly weighed the respective rights of the defendant and the state before electing to declare a mistrial and that prior to announcing the mistrial, it considered other lesser alternatives, including the granting of a continuance. A trial court's decision to reject lesser alternatives is given great deference. The availability of other alternatives, without more, does not mean that a mistrial was not necessary and that the trial court abused its discretion in declaring one. *Cooke*, supra at 328-329.

Terrell was afforded an opportunity to suggest alternatives and did so. We recognize that in this case reasonable judges could differ as to the type of disposition required to protect the rights of both parties. A trial judge acts within her sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition required. *Cooke*, supra at 329. Moreover, the failure of the trial judge to affirmatively state on the record the alternatives she considered and rejected, prior to announcing the mistrial, does not, standing alone, render her determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy. Id.

The prosecutor did not in any manner create the situation con-

fronting the trial court. Neither did the prosecutor move for the mistrial. Rather, the court acted sua sponte to protect the state's right to a fair trial when it became apparent that the prosecutor was unable to proceed effectively with the state's case. The defendant's right to be tried by the original impaneled jury, while a valued right, is not paramount to the state's equal right to a fair trial. Both the defendant and the state are entitled to a fair trial designed to end in a just judgment. *State v. Battaglia*, 221 Ga. App. 283, 286-287 (2) (470 SE2d 755) (1996). The trial court has the duty to ensure a fair trial to all parties in a case. The trial court is vested with as much authority to grant a mistrial when an injustice occurs to the state as when it occurs to the defendant. Id. at 286 (2). Under the circumstances of this case, the trial court did not err in denying Terrell's motion to dismiss or acquit by reason of former jeopardy.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED JANUARY 29, 1999 — ■

*Robert H. Alexander III*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Ann B. Harris, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.