## A03A0575. BENTLEY v. THE STATE.
(586 SE2d 32)

PHIPPS, Judge.

David Bentley appeals the denial of his motion for discharge and acquittal made on the ground of double jeopardy after the trial court declared a mistrial over his objection. Because declaration of a mistrial on the ground of manifest necessity was not an abuse of discretion, the trial court did not err in denying Bentley's motion. We affirm.

Bentley was charged with driving with an unlawful alcohol concentration, driving under the influence of alcohol to the extent that it was less safe for him to drive, failure to maintain lane, and two counts of speeding. At a jury trial, Bentley testified on direct examination about his 29 years of employment with United Parcel Service (UPS). He started working there in high school and, after five years, began driving to deliver packages, which he did for five more years. Since then, he had been driving tractor-trailers. After Bentley testified that he and his driving partner were assigned a weekly route with destinations in Georgia, Illinois, Tennessee, North Carolina, and Pennsylvania, defense counsel asked him, "Will you lose your job for a DUI conviction?" Bentley answered, "Definitely." Defense counsel asked, "How long have you known that?" Bentley answered,

"Since I started driving. Anytime you're — ." The prosecutor interrupted with a relevance objection.

Outside the presence of the jury, the court indicated it would declare a mistrial, reminding defense counsel that the consequences of a conviction are not to be submitted to a jury and stating, "to have your client sit on the stand and look at [the jurors] and say if they convict him he's going to lose 29 years of work I think is a burden the state cannot overcome." Defense counsel responded that the crux of Bentley's defense was that, mainly because of concern over his employment with UPS, he had carefully paced his drinking and was not DUI. Defense counsel argued that evidence that he would lose his job of 29 years if convicted was relevant because it went to his credibility concerning his claim that he remembered exactly what he had consumed that night. The state argued that the testimony was not relevant to any issue pertaining to Bentley's guilt or innocence, that it impermissibly related to the consequences of conviction, and that it had irreparably prejudiced the jury with sympathy for Bentley. The state then moved for a mistrial.

The court recessed for 30 minutes to allow defense counsel time to report back with authority that permitted the testimony. Afterward, defense counsel reiterated his relevance argument and argued that if the court found that the information unfairly prejudiced the state, the proper remedy was a curative instruction or admonishment of defense counsel, but that no manifest necessity existed to warrant a mistrial. The court declared a mistrial.

Bentley moved to bar retrial based upon double jeopardy. The trial court denied the motion, determining that the testimony had been inadmissible as unduly prejudicial and that the alternatives to a mistrial were insufficient to overcome the prejudice.

1. Bentley's contention that the trial court erred in declaring a mistrial because the state failed to object timely to the challenged testimony is without merit.[1]

2. Bentley's assertion that the trial court's decision to declare a mistrial was based erroneously on OCGA § 17-8-76 is not supported by the record.

3. Bentley contends that the trial court erred in declaring a mistrial. He argues that the testimony was admissible and harmless. He asserts that there was no intentional evidentiary infraction and that the testimony did not manifestly necessitate a mistrial.

The United States and Georgia Constitutions proscribe placing a defendant in jeopardy twice for the same offense.[2]

---

[1] See generally *Banks v. State*, 230 Ga. App. 258, 261 (2) (495 SE2d 877) (1998); compare *Garner v. State*, 180 Ga. App. 146-147 (1) (348 SE2d 690) (1986).

[2] U. S. Const., Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII.

Once a jury is impaneled and sworn, jeopardy attaches and an accused is entitled to have the trial proceed to an acquittal or conviction by that jury. The trial court may interrupt the proceedings and declare a mistrial over the defendant's objection only if the prosecutor demonstrates manifest necessity for the mistrial. Manifest necessity exists when the accused's right to have the trial completed by a particular tribunal is subordinate to " 'the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.' " The classic example of a proper basis for a mistrial is the trial judge's belief that the jury is unable to reach a verdict; at the other extreme are the cases where the prosecutor seeks a mistrial to buttress weaknesses in the state's evidence. When there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial.[3]

Where inadmissible evidence has been introduced and curative instructions cannot free the jury's mind of prejudice, a trial court should declare a mistrial.[4] Generally, predictions of the consequences of a verdict are irrelevant to a determination of guilt or innocence, as such evidence may "divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law."[5]

Citing *Payne v. State*,[6] Bentley maintains that his testimony was admissible. In *Payne*, the defendant was charged with DUI less safe and DUI per se. Testimony of a defense witness conflicted with that of the arresting officer. On cross-examination of the defense witness, the state sought to show that a DUI conviction would adversely affect the defendant's employment. Both the witness and the defendant were employed as corrections officers by the State of Georgia. In overruling the defendant's objection, the trial court accepted the state's argument that the line of questioning would show motive for the witness's testimony. This court held that the ruling was not an abuse of discretion. Therefore, Bentley urges, similar testimony in his case was admissible because it was relevant to an evaluation of his credibility. But the trial court has discretion to exclude even rele-

---

[3] (Footnotes omitted.) *Laster v. State*, 268 Ga. 172, 173 (1) (486 SE2d 153) (1997); see also *Banks*, supra at 258-259 (1).

[4] See *Anderson v. State*, 262 Ga. 289, 290 (1) (418 SE2d 1) (1992); *Harris v. State*, 214 Ga. 739, 741-742 (2) (107 SE2d 801) (1959).

[5] (Citations and punctuation omitted.) *Frederick v. State*, 226 Ga. App. 540, 542 (2) (487 SE2d 107) (1997).

[6] 232 Ga. App. 591, 594 (3) (502 SE2d 526) (1998), overruled on other grounds, *Baker v. State*, 252 Ga. App. 695, 702 (3) (556 SE2d 892) (2001).

vant evidence where its probative value is outweighed by its tendency to unduly arouse the jury's emotions of prejudice, hostility, or sympathy.[7] And ordinarily, the jury may adequately evaluate a witness's credibility without the injection of the issue of the consequences of the jury's verdict.[8] We cannot say that the trial court abused its discretion in determining that the testimony was inadmissible as unduly prejudicial.[9]

Relying on *Hernandez v. State*,[10] Bentley argues that his testimony was harmless because the fact that a conviction would cost him his livelihood was "inherent in the facts of the case." The language Bentley cites was dictum in *Hernandez*. In that case, the defendant's accomplice had made a deal with the state, pled guilty, and agreed to testify against the defendant. When defense counsel was cross-examining him regarding the sentence he would have faced had he not made the deal, the prosecutor moved for a mistrial, arguing that the defense had violated OCGA § 17-8-76 and had attempted to create sympathy in the jury for the defendant by revealing that the defendant's lesser role in the crimes could result in a greater punishment than that imposed upon his accomplice. We reversed the trial court's grant of the mistrial, not because a sympathetic reaction by the jury was "inherent in the facts of the case," but because the defendant had not violated OCGA § 17-8-76 and because he was entitled to exercise his constitutional right to confront witnesses against him by exposing their bias and motive to testify.[11] The line of inquiry in this case was not in confrontation of any witness.

Bentley claims that even if the questioning in this case was improper, a mistrial was not warranted because any infraction was not intentional. But the fact that defense counsel's motives were innocent does not make the evidence less prejudicial or less inadmissible.[12]

Finally, Bentley argues that there was no manifest necessity for a mistrial because the trial court could have given curative instructions to the jury. The trial court's decision to grant a mistrial and reject lesser alternatives is entitled to great deference.[13]

---

[7] *State v. Patillo*, 262 Ga. 259, 261 (417 SE2d 139) (1992); *Hicks v. State*, 256 Ga. 715, 720-721 (13) (352 SE2d 762) (1987); *Hall v. State*, 255 Ga. App. 631 (1) (566 SE2d 374) (2002).

[8] *Patillo*, supra.

[9] See *Hicks*, supra.

[10] 244 Ga. App. 874, 877 (1) (c) (537 SE2d 149) (2000).

[11] Id. at 877-878.

[12] See *Sinkfield v. State*, 217 Ga. App. 527, 528 (458 SE2d 664) (1995).

[13] *Putnam v. State*, 245 Ga. App. 95, 96 (537 SE2d 384) (2000).

A trial judge has acted within his sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though "[i]n a strict, literal sense, the mistrial [is] not 'necessary.' " [Cit.] This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. [Cits.][14]

The mistrial decision must be based on the surrounding circumstances in their totality.[15] The trial court is in "a peculiarly good position to observe the jurors, the witnesses, and the attorneys in order to evaluate the extent of the prejudice."[16]

Here, the trial court heard arguments from both counsel on whether alternatives to a mistrial would suffice. But after a recess and consideration of alternatives, it determined that the testimony injected by the defense had irreparably prejudiced the state's right to a fair trial. The trial court has the duty to ensure a fair trial to all parties and has as much authority to grant a mistrial where injustice is caused to the state as where it is caused to the defendant.[17] Under the circumstances of this case, we cannot say that the trial court abused its discretion in granting a mistrial.[18] Accordingly, the trial court did not err in denying Bentley's motion for discharge and acquittal made on the ground of double jeopardy.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 7, 2003 —
RECONSIDERATION DENIED JULY 29, 2003 — 

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Tania R. Tuttle, Assistant Solicitor-General*, for appellee.

---

[14] *Burleson v. State*, 259 Ga. 498, 501 (384 SE2d 659) (1989); see also *Putnam*, supra.

[15] *Putnam*, supra at 97.

[16] (Citation and punctuation omitted.) *Jackson v. State*, 226 Ga. App. 256, 257-258 (485 SE2d 832) (1997).

[17] See *Sinkfield*, supra.

[18] See *Laster*, supra at 174-175 (3); *Burleson*, supra; *Sinkfield*, supra at 527-528; *Putnam*, supra at 95-98; *Venson v. State*, 212 Ga. App. 540 (1) (441 SE2d 893) (1994).